**Eric Kenyatta JORDAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 03–98–00150–CR, 03–98–00172–CR.**

Court of Appeals of Texas,
Austin.

Nov. 5, 1998.

Rehearing Overruled Dec. 3, 1998.

Bobby D. Barina, Harris & Barina, Killeen, for Appellant.

Arthur Cappy Eads, District Attorney, James T. Russell, Administrative, Belton, for State.

Before POWERS, ABOUSSIE and KIDD, JJ.

KIDD, Justice.

In June 1995, appellant Eric Kenyatta Jordan pleaded guilty and judicially confessed to delivering more than one but less than four grams of cocaine. Tex. Health & Safety Code Ann. § 481.112 (West Supp.1998). The district court deferred adjudication and placed appellant on community supervision. In February 1998, the court held a hearing on the State's motion to adjudicate. After appellant admitted several of the alleged violations, the court revoked supervision, adjudicated appellant guilty, and sentenced him to imprisonment for six years. The appeal from this conviction is our cause number 3–98–150–CR. At the same February 1998 proceeding, appellant pleaded guilty and confessed to the unauthorized use of a motor vehicle. Tex. Penal Code Ann. § 31.07 (West 1994). The court found him guilty and assessed punishment at incarceration in a state

jail for two years. This conviction is before us as cause number 3–98–172–CR.

■ In his only point of error in cause number 3–98–172–CR, appellant contends the district court was required by statute to suspend imposition of his sentence and place him on community supervision, and that it erred by failing to do so. In October 1996 when the offense was committed, article 42.12, section 15(a) provided:

On conviction of a state jail felony punished under Section 12.35(a), Penal Code, the judge shall suspend the imposition of the sentence of confinement and place the defendant on community supervision, unless the defendant has been previously convicted of a felony, in which event the judge may suspend the imposition of the sentence and place the defendant or community supervision or may order the sentence to be executed....

Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex. Gen. Laws 2734, 2754 (Tex. Code Crim. Proc. Ann. art. 42.12, § 15(a), since amended).[1] Because adjudication of guilt had been deferred in the cocaine prosecution, and because there is no evidence of another felony, appellant concludes that the district court did not have the option to impose sentence.

■ The State responds by first contending that appellant by failing to object at trial has not preserved error. An unauthorized punishment, however, is void and may be challenged even in the absence of a trial objection. *See Heath v. State,* 817 S.W.2d 335, 336 (Tex.Crim.App.1991); *Rodriguez v. State,* 939 S.W.2d 211, 222 (Tex.App.—Austin 1997, no pet.). Article 42.12, section 15(a) defines the trial court's authority to impose or suspend sentence in state jail felonies. It does not create a right that the litigants may waive or forfeit. *See and compare Ex parte McJunkins,* 954 S.W.2d 39, 40–41 (Tex.Crim. App.1997). Appellant's point of error is properly before us.

Addressing the merits of appellant's complaint, the State points out that the district court adjudged appellant guilty of delivering cocaine and sentenced him to imprisonment before finding him guilty of unauthorized use of a motor vehicle. Thus, argues the State, appellant had been previously convicted of a felony and the court was authorized to impose sentence for the state jail felony.

■ We find no opinions addressing a court's authority to impose sentence upon conviction of a state jail felony when "the defendant has been previously convicted of a felony." We note, however, that Penal Code section 12.42, authorizing enhanced punishments for defendants "once before convicted of a felony," has been construed to apply only if the previous conviction is final. *See Russell v. State,* 790 S.W.2d 655, 657 (Tex.Crim. App.1990) (section 12.42(c)); *Johnson v. State,* 784 S.W.2d 413, 414 (Tex.Crim.App. 1990) (section 12.42(b)); Tex. Penal Code Ann. § 12.42(b) (West 1994), (c)(1) (West Supp.1998). Given this longstanding construction of similar language, we construe article 42.12, section 15(a) to require proof of a previous *final* felony conviction before the court may forgo community supervision and impose sentence of confinement on a defendant convicted of a state jail felony.

■ A conviction from which an appeal is taken is not final until it is affirmed by the appellate court and the mandate of affirmance is issued. *Russell,* 790 S.W.2d at 657. Obviously, appellant's conviction for cocaine delivery was not final when he was convicted and sentenced for unauthorized use of a motor vehicle. We therefore hold that the district court was not authorized to impose sentence, but instead was required to suspend imposition of sentence and place appellant on community supervision. Because appellant's guilty plea was not bargained and the error relates only to punishment, the proper remedy is to affirm the finding of guilt and remand the cause to the district court for a community supervision order. *See Levy v. State,* 818 S.W.2d 801, 803 (Tex.Crim.App.

---

1. Section 15(a) was amended before appellant's trial to make imposition of sentence an option in all cases, but this amendment applies only to offenses committed on or after its effective date. Act of May 17, 1997, 75th Leg., R.S., ch. 488, §§ 1, 6, 1997 Tex. Gen. Laws 1812.

1991); Tex.Code Crim. Proc. Ann. art. 44.29(b) (West Supp.1998).[2]

■ In cause number 3–98–150–CR, appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief, considered together with the brief counsel filed in the companion case, meets the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *High v. State,* 573 S.W.2d 807 (Tex. Crim.App.1978); *Currie v. State,* 516 S.W.2d 684 (Tex.Crim.App.1974); *Jackson v. State,* 485 S.W.2d 553 (Tex.Crim.App.1972); *Gainous v. State,* 436 S.W.2d 137 (Tex.Crim.App. 1969). A copy of counsel's brief was delivered to appellant, and appellant was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed. After reviewing the record, we agree with counsel that the appeal is frivolous and without merit.

In number 3–98–150–CR, the judgment is affirmed. In number 3–98–172–CR, the judgment is affirmed as to guilt, but that portion of the judgment imposing sentence is reversed and the cause is remanded with the instruction to suspend imposition of sentence and place appellant on community supervision.

---

2. We decline to reform the judgment to suspend imposition of sentence and place appellant on community supervision as the State suggests. It is for the district court, not this Court, to determine the conditions of supervision.