

# NUMBER 13-08-00463-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **ERIC SIMON PELACHE,** | **Appellant,** |

**v.**

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 103rd District Court of Cameron County, Texas.

## MEMORANDUM OPINION ON REMAND

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion on Remand by Chief Justice Valdez

Appellant, Eric Simon Pelache, was charged by indictment with robbery, a second-degree felony. *See* TEX. PENAL CODE ANN. § 29.02 (Vernon 2003). After a jury trial, Pelache was convicted of the lesser-included offense of theft from a person, a state-jail felony. *See id.* § 31.03(a)-(b), (e)(4)(B) (Vernon 2003). Because the indictment contained an enhancement paragraph documenting a

prior felony conviction for aggravated robbery, and the State provided Pelache with notice of two additional felony convictions—one for another aggravated robbery, and a 1995 conviction for unlawful possession of a controlled substance—the trial court sentenced Pelache to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice, in accordance with the punishment range prescribed for second-degree felonies. *See id.* §§ 12.33, 12.35(c), 12.42 (Vernon Supp. 2010).

On appeal, Pelache argues that: (1) the evidence is legally and factually insufficient to support the trial court's finding that he had been previously convicted of unlawful possession of a controlled substance; (2) the trial court erred in applying the punishment range for second-degree felonies when it should have applied the punishment range corresponding to state-jail felonies or, in the alternative, third-degree felonies; and (3) the State's motion to enhance punishment and amend the indictment did not provide him with sufficient notice and, therefore, violated his right to due process.

On original submission, this Court reversed Pelache's punishment based on his third issue and remanded for a new punishment hearing. *Pelache v. State*, 294 S.W.3d 248, 249-50, 52 (Tex. App.–Corpus Christi 2009), *rev'd*, 324 S.W.3d 568 (Tex. Crim. App. 2010). The Texas Court of Criminal Appeals reversed and remanded for us to consider Pelache's remaining issues. *Pelache*, 324 S.W.3d at 569. We affirm as modified.

## I.    BACKGROUND

The indictment in this case charged Pelache with robbing a convenience store, a second-degree felony. The indictment also contained an enhancement paragraph referencing a prior conviction for aggravated robbery committed on April 8, 2000.

On April 15, 2008, Pelache went to trial on the robbery offense. A convenience-store clerk identified Pelache as the person who came into the convenience store and demanded the money that was in the cash register. The clerk recalled that Pelache had one hand in his pocket, which made her think that Pelache had a weapon. The clerk testified that Pelache's actions made her fear for her life. Despite this testimony, on April 18, 2008, the jury convicted Pelache of the lesser-included, state-jail-felony offense of theft from a person.[1] The trial court set Pelache's punishment hearing for May 2, 2008.

Prior to the punishment hearing, on April 23, 2008, the State notified Pelache of its intent to use two more prior felony convictions for enhancement purposes by filing a motion for enhancement and a request for leave of court to amend the indictment. The offenses were a second aggravated robbery committed on April 8, 2000, and unlawful possession of a controlled substance committed in 1995.[2] In its motion, the State referenced sections 12.35 and 12.42 of the Texas Penal Code and noted that Pelache's "punishment [should] be increase[d] to reflect the enhancements." *See id.* §§ 12.35, 12.42.

---

[1] The jury did not find that Pelache used a deadly weapon in the commission of the theft-from-a-person offense.

[2] The Texas Court of Criminal Appeals mentioned in its majority opinion in this matter that "[t]he record reflects that the state-jail felony conviction for possession of a controlled substance was ultimately not used to enhance appellant's punishment." *Pelache v. State*, 324 S.W.3d 568, 570 n.9 (Tex. Crim. App. 2010). Moreover, the record reflects that Pelache was convicted of the two aggravated robberies on September 5, 2000.

In the meantime, Pelache's punishment hearing was reset from May 2, 2008 to May 9, 2008. At Pelache's punishment hearing, the parties discussed whether Pelache's prior felony convictions could be used to enhance his sentence in the instant case to the second-degree-felony range. The State argued the following:

> Further, I'd ask the Court to take judicial notice of the [S]tate's motion to enhance punishment that was filed back on April 23rd of 2008. That was also given to [the defense], served on [the defense]. In regards to that [S]tate's motion for enhancement, we are alleging three different priors, more specifically, in Cause No. 00-CR-528-D. The defendant was convicted of the offense of aggravated robbery back on September the 5th of 2000.
>
> . . . .
>
> And that also was in the enhancement paragraph in the actual indictment, but we also gave them notice again in regards to—we filed another motion for enhancement.
>
> In addition to that motion for enhancement, we also allege another count where Mr. Pelache was also convicted for the offense of aggravated robbery, which is a (3)(g) offense in 00-CR-522-D. That conviction also occurred back on or about September the 5th of 2007 [sic].
>
> In addition to that, we are alleging that in 95-CR-1523-D, the same defendant was also convicted for the offense of possession of [a] controlled substance back on September the 5th of 2007—or 2000 [sic]. I'm sorry, Judge.
>
> Now, in regards to that, Judge, basically, I do have some case law. What I believe is applicable would be [section] 12.35 of the [Texas] Penal Code, specifically subsection (c). Basically what happens in regards to—we have a state-jail conviction with the pending aggravated robbery, one of the aggravated robberies. That would then enhance it to a third-degree felony, using that logic in 12.35(c).
>
> And how we get there, Judge, is basically, the prior offense, the aggravated robbery is a (3)(g) offense. That (3)(g) offense, once it's proven, will then enhance Mr. Pelache to a third degree.

4

In regards to that, there's also—I would believe that 12.42 is also applicable under subsection (a)(3). At this point in time, once you enhance them[,] once with the aggravated robbery, you enhance them again with the second aggravated robbery.

. . . .

The case law is specific that the convictions can occur on the same day. In other words, the defendant doesn't have to go to prison one day, come back out, and go back to prison again under 12.42 and 12.35, Judge.

So basically, the range of punishment, my argument would be, would be two to twenty, which would be a second-degree felony.

. . . .

I do have, for the Court's information, *Gowen v. State*, which talks about enhancements in regards to this issue. It came up in that case. It speaks to it that they don't have to be in sequential order, that you can actually have a sentence on the same day if they are a (3)(g) offense, which aggravated robbery is.

In response, Pelache's counsel argued that:

| [Pelache's counsel]: | Your Honor, I disagree with counsel. His argument is basically that under 12.35(c), the offense that Mr. Pelache was convicted of, and that is, a theft from a person, if we look at the offense of theft from a person, that is a non-aggravated state-jail felony. |
|---|---|
| . . . . | |
| | His argument is that under 12.35(c), that non-aggravated state-jail felony is enhanced to—and it's not an enhancement, but it's elevated to an aggravated state-jail felony if you find that there was a weapon that was used in the commission of the non-aggravated state-jail felony. |

5

THE COURT: Or that the individual has previously been finally convicted of any felony listed in [section] (3)(g)(a)(1), Art. 42.12, Code of Criminal Procedure, or for which the judgment contains an affirmative finding under [section] (3)(g)(a)(2), Art. 42.12, Code of Criminal Procedure.

[Pelache's Counsel]: Correct. Now, my argument is that no notice was provided with regards to enhancing Mr. Pelache's state-jail felony from a non-aggravated state-jail felony to an aggravated state-jail felony.

And if the Court will notice, their continuous argument is, they call it an enhancement. They provided me a notice of an enhancement enhancing his state-jail felony, the theft from a person, to an aggravated state-jail felony, making notice of the enhancement. Well, in a state-jail felony, the only way you can enhance is under Art. 12.42, and that is not applicable in this case.

It's my position that he is not subject to having his state-jail felony enhanced from a non-aggravated to an aggravated because the notice that has been provided by the [S]tate has been in the form of an enhancement, and that notice was done pursuant to 12.42, which is not applicable. And it's our position that the only offense and range of punishment that you can consider in this case is basically a state-jail felony, between six to two months—between six months to two years.

In the alternative, if the Court should not agree with us, not that I'm agreeing, but the one that would fit more than what the [S]tate is arguing, that it's a second, would be a third-degree, not a

6

second-degree felony.  We would object to that.

The crux of Pelache's argument at the punishment hearing focused on lack of notice.  However, Pelache also argued that there was "only one [prior] conviction, really," meaning Pelache should, at most, be sentenced in accordance with the punishment range for third-degree felonies.

After hearing arguments from both parties and testimony from several witnesses, the trial court opined:

> Okay.  I'm going to—I'm looking at the case law they've given me, and according to the case law, "There is no requirement that a prior felony conviction used to enhance punishment for a state-jail felony to a second-degree felony punishment under a statute permitting such enhancement if defendant has been once before convicted of a felony be final prior to the commission of the additional prior (3)(g) felony used for initial enhancement of punishment for the primary state-jail felony to the third-degree felony punishment, although both the prior convictions for the (3)(g) felony and the once [sic] before convicted felony must be final before the commission of the primary state-jail felony."  And both of these were final felony prior convictions prior to the commission of the state-jail.  So I am inclined to agree with the [S]tate that it is a second-degree, and that the enhancement is good.

Pelache's counsel then argued:

> We would object to that finding.  It is our position that this is a matter that should be enhanced, if any, to a third-degree.  The convictions that the [S]tate is relying upon are two convictions that occurred on the same date, that were prosecuted on the same date, and that were sentenced on the same date.  Therefore, they are not prior—there's only one conviction, really, that there is because they occurred as a result of one criminal transaction, and he was sentenced pursuant to one criminal proceeding.  Therefore, they are not separate convictions; they are one.

The trial court rejected Pelache's argument and orally found that Pelache's sentence should be enhanced to second-degree-felony status.  The

7

trial court sentenced Pelache to twenty years' confinement. Pelache appealed the trial court's punishment findings.

On original submission, this Court held that Pelache's substantial rights were harmed by the State's notification of its intent to enhance his punishment that was filed six days after the jury rendered its verdict in this case; accordingly, we reversed Pelache's punishment and remanded for a new punishment hearing. *Pelache*, 294 S.W.3d at 249-50, 52, *rev'd*, 324 S.W.3d at 569. The Texas Court of Criminal Appeals reversed and held that Pelache's "federal constitutional due-process rights were not violated." *Pelache*, 324 S.W.3d at 569. Specifically, the court of criminal appeals stated that:

> An application of the aforementioned cases leads us to conclude that the State's April 23, 2008 enhancement notice was sufficient to put appellant [Pelache] on notice of "the nature of the [enhancement] charges he [was] accused of." In determining whether appellant received sufficient notice of the State's intent to enhance punishment, we look to the record to identify whether appellant's defense was impaired by the timing of the State's notice. Similar to the defendants in *Oyler* and *Villescas*, appellant did not request a continuance, appear surprised by the allegations, or argue that he was unprepared to defend against the prior conviction allegations. In fact, we have held that "when a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies the federal constitution."

*Id.* at 577 (citing *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006)). Given that the court of criminal appeals has addressed Pelache's third issue, we need only address his first two issues pertaining to: (1) the sufficiency of the evidence supporting the trial court's finding that Pelache had been previously

8

convicted of unlawful possession of a controlled substance; and (2) the trial court's application of the punishment range for second-degree felonies.

## II.   EVIDENTIARY SUFFICIENCY OF THE STATE'S ENHANCEMENT ALLEGATIONS

First, Pelache challenges the sufficiency of the evidence supporting the finding that he was previously convicted of the offense of unlawful possession of a controlled substance.   Specifically, Pelache argues that the State matched fingerprints and identified Pelache as the individual in the aggravated robbery cases, but such evidence was not introduced to link Pelache to the unlawful-possession-of-a-controlled-substance offense.   Further, Pelache argues that the record does not contain a finding from the trial court regarding the State's enhancement allegations.   The State argues that:  (1) the trial court orally found that the State's enhancement allegations were "true"; and (2) it is immaterial whether the evidence is sufficient to support the unlawful-possession-of-a-controlled-substance offense because the evidence demonstrated that Pelache had been twice convicted of aggravated robberies prior to his participation in the offense in this case.

### A.  Applicable Law

The court of criminal appeals has recently held that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the *Clewis* factual-sufficiency standard" and that the *Jackson* standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt."  *Brooks v. State*, 323 S.W.3d 893, 902-03, 912 (Tex. Crim. App. 2010) (plurality op.).   Accordingly, we review

9

Pelache's claims of evidentiary sufficiency under "a rigorous and proper application" of the *Jackson* standard of review. *Id.* at 906-07, 912.

Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks*, 323 S.W.3d at 898-99 (characterizing the *Jackson* standard as: "Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt"). "[T]he fact[-]finder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Jackson*, 443 U.S. at 319 (emphasis in original); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979) ("The jury, in all cases is the exclusive judge of facts proved and the weight to be given to the testimony . . . ."); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) ("The jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence.").

The State bears the burden of proving an enhancement allegation beyond a reasonable doubt. *Jordan v. State*, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008); *see Zimmer v. State*, 989 S.W.2d 48, 50 (Tex. App.–San Antonio 1998, pet. ref'd). A prior conviction alleged for enhancement may by proven by, among other things: (1) "certified copies of a judgment and sentence and authenticated

10

copies of the Texas Department of Corrections records, including fingerprints, supported by expert testimony matching them to the known prints of the defendant"; (2) "offering the testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him"; (3) "stipulations or the judicial admission of a defendant"; or (4) "matching a photograph of the defendant in a penitentiary packet or other official record to the defendant at trial." *Zimmer*, 989 S.W.2d at 50 (citing *Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986); *Littles v. State*, 726 S.W.2d 26, 31 (Tex. Crim. App. 1984)).

## B. Discussion

Pelache specifically complains about the sufficiency of the evidence pertaining to a prior felony conviction for unlawful possession of a controlled substance. During the punishment phase, a penitentiary packet was admitted into evidence. Enclosed in the pen packet were copies of judgments for two instances of felony aggravated robbery and felony unlawful possession of a controlled substance. The two judgments corresponding to the aggravated robberies included a card containing fingerprints from April 8, 2000. Also among the evidence admitted was a fingerprint card created after Pelache was arrested for the charged offense in this case. The judgment corresponding to the unlawful-possession-of-a-controlled-substance offense did not have a fingerprint card attached to it, nor did any of the State's witnesses provide testimony, other than simply reading the judgment into the record, that Pelache was indeed the perpetrator of that offense.

11

Based on the record before us, we cannot say that the State carried its burden of proving the unlawful-possession-of-a-controlled-substance enhancement beyond a reasonable doubt. *See Jordan*, 256 S.W.3d at 291; *see also Zimmer*, 989 S.W.2d at 50. Nevertheless, we conclude that the sufficiency of the evidence pertaining to the unlawful-possession-of-a-controlled-substance offense is immaterial because there is sufficient evidence to support the trial court's finding that Pelache had been twice convicted of felony aggravated robbery and because, as we discuss later, sections 12.35(c) and 12.42 only required that the State prove that Pelache was finally convicted of the aggravated robberies. *See* TEX. PENAL CODE ANN. §§ 12.35(c), 12.42; *see also Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 902-03, 912.

Luis Carlos De Leon, an investigator with the Cameron County District Attorney's Office and a fingerprint identification expert, concluded that, based on his training and experience, the fingerprints from the April 8, 2000 fingerprint card matched the fingerprint card created in this case. De Leon then identified Pelache in open court as the individual whose fingerprints are contained in both fingerprint cards. The State called several investigators to testify as to their professional opinion regarding Pelache's reputation for peacefulness in the community. Each of the investigators stated that Pelache had a bad reputation and that he regularly committed crimes. In addition, Nelda Alvarez, an employee at H.E.B. in McAllen, Texas, testified that she previously worked at a Circle K in Harlingen, Texas, and that on April 8, 2000, Pelache robbed the Circle K. Alvarez identified Pelache in open court as the perpetrator and noted that she

12

believed that, as a result of the incident, Pelache was convicted of aggravated robbery. Charles Fechner, a detective for the City of Harlingen, and Wilfredo Guerra, an investigator for the Harlingen Police Department, both identified the two aggravated robbery judgments as separate incidents occurring at different locations on the same evening—April 8, 2000—and that Pelache was the perpetrator and used a crowbar, a weapon they described as a deadly weapon, in both offenses. Based on this evidence, we conclude that the State satisfied its burden of proving that Pelache had been twice convicted of aggravated robbery beyond a reasonable doubt and that the trial court was rationally justified in concluding that the State's aggravated-robbery enhancements were true. Accordingly, we find that the evidence supporting the trial court's finding regarding the aggravated robberies is sufficient. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 902-03, 912; *Jordan*, 256 S.W.3d at 291; *Zimmer*, 989 S.W.2d at 50.

Despite this evidence, Pelache also appears to argue that: (1) the aggravated robbery offenses constituted one offense because they were tried together and the judgment was rendered on the same day; and (2) the law requires that a prior conviction become final before the commission of the other prior felony. As noted above, the State presented copies of the judgments for Pelache's prior aggravated robbery convictions, thus demonstrating that the convictions were for two separate and distinct robberies that occurred on the same evening. Therefore, the evidence does not support a finding that the aggravated robberies amounted to one conviction for enhancement purposes.

13

*See Spradling v. State*, 773 S.W.2d 553, 556 (Tex. Crim. App. 1989) (holding that when "there are two victims, a separate victim for each offense, the acts, though occurring at the same time and place, constitute separate offenses involving separate issues of law, and separate prosecutions are not barred by former jeopardy"); *see also Sanchez v. State*, 269 S.W.3d 169, 170 (Tex. App.– Amarillo 2008, pet. ref'd) (stating that the protection against double jeopardy is inapplicable where separate and distinct offenses occur during the same transaction).

To the extent that Pelache argues that the law requires that a prior conviction become final before the commission of the other prior felony, we note that there is no such requirement. *See Gowan v. State*, 18 S.W.3d 305, 307 (Tex. App.–Beaumont 2000, pet. ref'd). In order to enhance an offender's sentence, the State must present evidence that the prior convictions used for enhancement purposes are final before the commission of the primary offense. *See Johnson v. State*, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990); *see also Gowan*, 18 S.W.3d at 307; *Jordan v. State*, 979 S.W.2d 75, 77 (Tex. App.–Austin 1998), *aff'd*, 36 S.W.3d 871 (Tex. Crim. App. 2001). Here, Pelache was convicted of two instances of aggravated robbery and both convictions were final before Pelache committed the offense in this case. Therefore, Pelache's contention that the prior aggravated robbery convictions were not final and could not be used for enhancement purposes is unfounded. Accordingly, we overrule Pelache's first issue.

### III. PUNISHMENT RANGE

14

Pelache next argues that the trial court erred in applying the punishment range for second-degree felonies. Specifically, Pelache asserts that the punishment range for second-degree felonies should not have been applied in this case because the trial court did not make an oral or written finding that he had been previously convicted of two felonies. Pelache contends that the trial court was obligated to make its findings regarding the State's enhancement allegations in the judgment, and because this was not done, the state-jail felony or, in the alternative, the third-degree felony punishment range should have been applied. The State argues that the trial court made an oral finding during the punishment hearing that Pelache was previously convicted of at least two prior felonies and then sentenced Pelache in accordance with section 12.35(c) and the habitual-felony-offender statute codified in section 12.42 of the penal code. *See* TEX. PENAL CODE ANN. §§ 12.35(c), 12.42.

**A. Applicable Law**

With regard to the application of the applicable punishment range, the court of criminal appeals has stated:

> At the sentencing phase, neither party carries the burden of proving what punishment should be assessed within the statutorily prescribed range applicable to a given offense. Generally, the fact[-]finder's decision of what particular sentence to assess is a "normative, discretionary function" that does not depend on the resolution of specific facts. However, when the State seeks to enhance a defendant's sentence for the primary offense by alleging that a defendant has a prior conviction, and the defendant enters a plea of not true, the fact[-]finder must decide whether the State has sustained its burden by entering a finding that the enhancement allegation is either true or not true. In essence, the assessment of punishment involves two types of deliberations when the state has alleged, and the defendant has entered a plea of not true to, a prior conviction used for enhancement purposes. First, the fact[-]finder engages in a deductive, discrete fact-finding process to determine

15

whether the State has proved that the enhancement allegation is true. And second, considering all of the evidence admitted during the guilt and punishment phases, the fact[-]finder engages in a normative process that is uninhibited by any required, specific fact determination to decide what particular punishment to assess within the range prescribed by law.

*Jordan*, 256 S.W.3d at 291-92 (citations omitted).

## B. Discussion

With regard to Pelache's argument that the trial court failed to make an oral or written finding as to the State's enhancement allegations, we note that the reporter's record reflects that the trial court orally found the State's enhancement allegations to be true. Furthermore, the written judgment specifically indicates that the trial court found the State's enhancement allegations to be true. *But see Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999) (listing the twenty-nine items the judgment should reflect, none of which include specific findings regarding the punishment enhancement allegations in the indictment); *see also Walls v. State*, No. 06-04-00009-CR, 2004 Tex. App. LEXIS 5704, at **10-11 (Tex. App.–Texarkana June 29, 2004, no pet.) (mem. op., not designated for publication) ("Article 42.01 does not require that the judgment include specific findings regarding the punishment enhancement allegations in the indictment.") (citing TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (Vernon Supp. 2010)). We therefore conclude that this argument is without merit.[3]

---

[3] Despite our holding, we find an error in the written judgment regarding Pelache's plea to the State's enhancement allegations. The reporter's record clearly reflects that Pelache pleaded "not true" to the enhancement allegations in open court, though the written judgment indicates that Pelache did not enter a plea. Because there is sufficient evidence in the record, we reform the judgment to reflect that Pelache pleaded "not true" to the State's enhancement allegations. *See* TEX. R. APP. P. 43.2(b); *see also Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

16

Pelache further contends that the trial court erroneously applied the punishment range for second-degree felonies. Pelache argues that this offense should have been punished under the punishment range associated with state-jail felonies or, in the alternative, third-degree felonies. The State disagrees and directs us to sections 12.35(c) and 12.42(a)(3) of the penal code and article 42.12, section 3g of the code of criminal procedure. *See* TEX. PENAL CODE ANN. §§ 12.35(c), 12.42(a)(3); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g (Vernon Supp. 2010).

Section 12.35(c) of the penal code provides that:

An individual adjudged guilty of a state[-]jail felony shall be punished for a third[-]degree felony if it is shown on the trial of the offense that:

(1) a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or

(2) the individual has previously been finally convicted of any felony:

(A) under Section 21.02 or listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or

(B) for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure.

TEX. PENAL CODE ANN. § 12.35(c). Section 3g(a)(1) of article 42.12 of the code of criminal procedure references aggravated robbery offenses, as criminalized in

17

section 29.03 of the penal code. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(F); *see* TEX. PENAL CODE ANN. § 29.03 (Vernon 2003).

In the instant case, Pelache was convicted of theft from a person, a state-jail felony. During the punishment phase, the State introduced evidence that Pelache had been twice convicted of aggravated robbery, an article 42.12, section 3g offense, prior to committing this offense. Because Pelache had been previously convicted of a section 3g offense, the trial court properly used it to enhance the punishment range for the theft-from-a-person offense to the range associated with third-degree felonies. *See* TEX. PENAL CODE ANN. § 12.35(c)(2)(B). However, the punishment range for this offense was further enhanced by section 12.42(a)(3). *See id.* § 12.42(a)(3).

Section 12.42(a)(3) provides that:

Except as provided by Subsection (c)(2), if it is shown on the trial of a state[-]jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

*Id.* Because the record demonstrates that Pelache was subject to the punishment range corresponding to section 12.35(c) and because he has two prior felony convictions for aggravated robbery, the trial court properly sentenced Pelache within the range for second-degree felonies in accordance with section 12.42(a)(3). *See id.* §§ 12.35(c), 12.42(a)(3). Furthermore, the trial court's imposition of a twenty-year sentence falls within the punishment range prescribed for second-degree felonies. *See id.* § 12.33 ("An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment . . . for

18

any term of not more than 20 years or less than 2 years."). Therefore, based on the foregoing, we cannot say that the trial court erred in applying the second-degree-felony punishment range to sentence Pelache to twenty years' confinement. *See id.* §§ 12.33, 12.35(c), 12.42(a)(3); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g; *see also Jordan*, 256 S.W.3d at 291-92. Accordingly, we overrule Pelache's second issue.

## IV.    CONCLUSION

Because the record contains sufficient evidence indicating that Pelache pleaded "not true" to the State's enhancement allegations, we reform the judgment to reflect as such, and we affirm the judgment as modified.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
3rd day of March, 2011.

19