ACCEPTED
03-14-00616-CR
4362870
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/4/2015 9:57:44 AM
JEFFREY D. KYLE
CLERK

## CAUSE NO. 03-14-00616-CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/4/2015 9:57:44 AM
JEFFREY D. KYLE
Clerk

## IN THE COURT OF APPEALS
## FOR THE THIRD DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **ALEXIS MARIE IRELAND** | § |
| | § |
| **v.** | § |
| | § |
| | § |
| **STATE OF TEXAS** | § |

## APPELLANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

**Justin Bradford Smith**
**Texas Bar No. 24072348**
**Harrell, Stoebner, & Russell, P.C.**
**2106 Bird Creek Drive**
**Temple, Texas 76502**
**Phone: (254) 771-1855**
**FAX: (254) 771-2082**
**Email:  justin@templelawoffice.com**

**ATTORNEY FOR APPELLANT**

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Appellant, ALEXIS MARIE IRELAND, who files this Motion for Leave to File Supplemental Brief, and shows unto the Court as follows:

**I.**

Appellant's brief was due on or before January 28, 2015.

**II.**

Appellant timely filed her brief, as did the State.

**III.**

After Appellant filed her brief, the State asked the district clerk to prepare and file a supplemental clerk's record containing the presentence investigation report (PSI), which the district clerk did. The State also asked this Court to permit the record to be supplemented with the PSI, and this Court granted the supplementation. The State relies on the PSI in its brief. The PSI discloses, however, that the restitution ordered in this case did not constitute that which was unpaid or unrecovered for the original forgery; rather, the restitution relates to a totally separate, uncharged offense.

A presentence investigation report (PSI) is not ordinarily part of the appellate record. *Brewer v. State*, No. 1270-03, 2004 WL 3093224, at *4 (Tex. Crim. App. May 19, 2004) (unpublished); *see* Tex. Code Crim. Proc. art. 42.12,

Sec. 9(j) (report is confidential). Until the State asked for permission to supplement the record with the PSI, therefore, we (or at least this writer), did not know that, as the State concedes, the restitution ordered in the judgment was not for the offense for which Appellant was charged. *See* State's Brief, at 10-11. Rather, it appeared that the restitution included in the written judgment ($1,922.57) constituted the portion of the $7,475.41 originally charged that was still owed or not recovered.

Now it is clear that the trial court ordered Appellant to pay restitution for a crime for which Appellant was neither charged nor convicted. While Appellant agrees with the State that this was (arguably) proper under *Gutierrez-Rodriguez v. State*, 44 S.W.3d 21 (Tex. Crim. App. 2014) *in the original order of deferred adjudication that granted Appellant community supervision*, it is not proper now that Appellant has been sentenced. Rather, since restitution "may be ordered only to a victim of an offense for which the defendant is charged", *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014), Appellant cannot be ordered to pay restitution as a part of her sentence to an entity who is not a victim of *this forgery* for which Appellant was charged. *See Campbell v. State*, 5 S.W.3d 693, 697 (Tex. Crim. App. 1999) ("Another limit on the authority of a trial court to order restitution is that a trial court may not order restitution to any but the victim or

victims of the offense with which the offender is charged. *Martin v. State,* 874 S.W.2d 674, 679–80 (Tex.Cr.App.1994) (holding that a restitution order may not compensate all victims of a general scheme to defraud when the defendant was only charged with defrauding one investor). Nor may a trial court, without the agreement of the defendant, order restitution to other victims unless their losses have been adjudicated.").

In these circumstances, Appellant's sentence is void because it is unauthorized, and a void sentence may be raised for the first time on appeal. *Jordan v. State*, 979 S.W.2d 75, 77 (Tex. App.—Austin 1998); Tex. Code Crim. Proc. art. 42.037(a) (defendant "convicted of an offense" may be ordered to pay restitution to "any victim of *the* offense") (emphasis added); *Hanna*, 426 S.W.3d at 91 (restitution "may be ordered only to a victim of an offense for which the defendant is charged").

In light of these facts, it is proper for the Court to consider this additional issue, and it would also be proper to afford the State an opportunity to respond. Tex. R. App. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe."). Certainly the possibility that Appellant has received a void sentence is an instance of "justice requir[ing]" a supplemental brief. Therefore, Appellant is filing this supplemental

brief raising an additional issue, along with a motion for leave to file the same, and asks the Court both to consider this new issue and to allow the State a chance to respond.[1]

## IV.

Appellant asks the Court to accept this supplemental brief for filing, and to afford the State an opportunity to respond, whether thirty days or another deadline of the Court's choosing.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant asks this Court grant this motion, accept Appellant's supplemental brief for filing, and give the State an adequate opportunity to respond.

---

[1] It seemed most straightforward to draft a separate brief to supplement Appellant's initial brief, rather than file an amended brief including all three issues. In light of the fact that Appellant, time permitting, may need to file a reply brief as well (in case the Court does not allow this supplemental brief, does not agree with Appellant's arguments, or Appellant turns out to be wrong), Appellant asks this Court to accept this supplemental brief as is rather than direct Appellant to file an amended brief incorporating all three issues into one document.

Respectfully submitted:


/s/ Justin Bradford Smith
Justin Bradford Smith
Texas Bar No. 24072348

Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
FAX: (254) 771-2082
Email: justin@templelawoffice.com

ATTORNEY FOR APPELLANT


## CERTIFICATE OF SERVICE

I hereby certify that, on March 4, 2015, a true and correct copy of the Appellant's Motion for Leave to File Supplemental Brief was provided to counsel below via eservice:

Bob Odom
Bell County District Attorney's Office
P.O. Box 540
Belton, Texas 76513
Email: DistrictAttorney@co.bell.tx.us
*Attorney for the State*


/s/ Justin Bradford Smith
Justin Bradford Smith