# Court of Appeals
## Tenth Appellate District of Texas

10-24-00378-CR

Daniel Lee East,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
19th District Court of McLennan County, Texas
Judge Thomas C. West, presiding
Trial Court Cause No. 2024-1061-C1

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

The trial court sentenced Daniel Lee East to thirteen months confinement in state jail on his conviction for possession of methamphetamine in an amount of less than one gram and ordered the sentence to be imposed. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). In two issues on appeal, East asserts that we must vacate his sentence and remand for a new punishment hearing because he was entitled to be placed on community

supervision and he did not validly waive "the right to receive mandatory supervision." *See* TEX. CODE CRIM. PROC. ANN. art. 42A.551.[1] The State agrees that we should remand for a new punishment hearing, explaining that the trial court had no authority to impose a sentence of confinement under the circumstances presented in this case and that East could not confer such authority upon the trial court by waiving his rights under article 1.14 of the Code of Criminal Procedure. *See id.* at art. 1.14. We affirm.

## Background

East originally agreed to plead guilty to the charged offense in exchange for the State's recommendation of eighteen months deferred adjudication community supervision and a $250 fine.[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). On September 13, 2024, East pled guilty. The trial court accepted his guilty plea but did not accept the plea agreement, deferring a finding of guilt and decision on sentencing pending completion of a pre-sentence investigation report. The trial court further reminded East that it

---

[1] East cites to article 42.12, section 15(a) of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art 42.12, § 15(a) (repealed 2015). Effective January 1, 2017, the Legislature repealed article 42.12 of the Code of Criminal Procedure and enacted Chapter 42A as part of a non-substantive revision of community supervision laws. *See* Act of May 26, 2015, 84th Leg., R.S. ch. 770 §§ 1.01, 3.01, 4.01–.02 (codified at chapter 42A of the Texas Code of Criminal Procedure). The former article 42.12, section 15(a) is now codified in article 42A.551.

[2] This agreement was discussed on the record at the guilty plea hearing. Though the clerk's record contains a document entitled "Disclosure of Plea Recommendation" memorializing this agreement in writing, this document was not admitted into evidence.

was not obligated to follow the plea agreement and then recessed the proceedings.

The clerk's record contains a document signed by the parties entitled "Request Concerning Bond Pending Further Proceedings Disclosure of Further Negotiated Plea Agreement" (the "Bond Agreement").  This document was not admitted into evidence or discussed at the guilty plea hearing.  The agreement permitted East to remain on bond pending sentencing as long as he timely appeared whenever his presence was required, including any interviews and meetings with the probation department.  This document provided, in relevant part:

> Defendant agrees that his/her failure to so appear constitutes a voluntary waiver under Article 1.14, Tex. Code Crim. Proc., and he/she agrees that failure to appear authorizes the Trial Court to:
>
> - pronounce a finding of guilt, if not previously made,
> - impose a sentence within the full range of punishment, up to and including the maximum time and fine provided by law for the offense,
> - deny any request or recommendation for community supervision of any nature, if any, and
> - refuse to allow Defendant to withdraw the plea herein entered.

The parties reconvened on November 22, 2024.  After confirming that East was the same person who previously pled guilty to the charged offense, the trial court informed East, "You signed a document in your plea papers saying you would participate yet you failed to participate thereby rendering

your plea bargain null and void and now it is an open plea before the Court."[3]

The trial court then sentenced East to serve thirteen months in state jail and

ordered the sentence to be executed.

## Analysis

In his first issue on appeal, East contends that the trial court abused its

discretion by imposing the sentence of confinement in state jail instead of

suspending the sentence as required by law.  In his second issue, East asserts

that he did not knowingly and voluntarily waive his "right to mandatory

community supervision" through the waiver language in the Bond Agreement.

We address these issues together.

When, as here, a defendant is convicted of a state jail felony offense

under section 481.115(b) of the Health and Safety Code that is punished under

section 12.35(a) of the Penal Code, "the judge *shall* suspend the imposition of

the sentence and place the defendant on community supervision" unless

certain statutory exceptions apply.  *See* TEX. CODE CRIM. PROC. ANN. art.

42A.551(a) (emphasis added).  In his first issue, East characterizes the trial

court's imposition of the sentence of confinement as an abuse of discretion;

however, by the plain language of the statute, the trial court had no discretion

---

[3] East did not object to the trial court's actions at the hearing, and he does not challenge his guilty plea and conviction on appeal; therefore, we limit our discussion and analysis only to his punishment and sentencing.

to impose the defendant's sentence under the circumstances presented in this case. *See id.* The parties submit – and we agree – that nothing in the record indicates any of the statutory exceptions apply. The trial court therefore had no authority to impose East's thirteen-month sentence. To the extent that East argues that the trial court was required to suspend his sentence and place him on community supervision, we sustain East's first issue.

In his second issue, East asserts that he did not knowingly and voluntarily waive his "right" to mandatory community supervision by executing the Bond Agreement. Article 1.14 of the Code of Criminal Procedure allows a defendant to "waive any rights secured him by law[.]" *See id.* at art. 1.14. We recognize that the Bond Agreement, citing to article 1.14, included waiver language purporting to grant permission for the trial court to "impose a sentence within the full range of punishment, up to and including the maximum time and fine provided by law for the offense" and "to deny any request or recommendation for community supervision of any nature, if any." However, article 42A.551 does not create a "right" that the litigants may waive or forfeit. *See Jordan v. State*, 979 S.W.2d 75, 77 (Tex. App.—Austin 1998), *aff'd*, 36 S.W.3d 871 (Tex. Crim. App. 2001) (discussing article 42.12, § 15(a), the predecessor statute to article 42A.551).[4] Rather, it defines the scope of the

---

[4] The applicable text in article 42.12, section 15(a) analyzed in *Jordan* provided:

trial court's authority to impose or suspend a sentence in certain state jail felonies. *See id.* We agree with the State that to whatever extent the Bond Agreement may function as a waiver of East's rights under article 1.14, such waiver could not confer authority upon the trial court to impose a sentence of confinement when such authority was not granted by the Legislature in these circumstances. *See id.* at 76-78; *see and compare Ex parte McJunkins*, 954 S.W.2d 39, 40-41 (Tex. Crim. App. 1997) (contrasting the waivable right to concurrent sentences under section 3.03 of the Penal Code with the restriction on the trial court's authority to grant community supervision in certain circumstances under former article 42.12, section 3g(a) of the Code of Criminal Procedure). The trial court had no authority to impose East's thirteen-month sentence based on his article 1.14 waiver of rights. We overrule East's second issue.

East contends that the proper remedy is to vacate his sentence and remand for a new punishment hearing. Based on the specific circumstances presented in this case, we disagree. We have no legal reason to vacate the

---

> On conviction of a state jail felony punished under Section 12.35(a), Penal Code, the judge shall suspend the imposition of the sentence of confinement and place the defendant on community supervision, unless the defendant has been previously convicted of a felony, in which event the judge may suspend the imposition of the sentence and place the defendant or community supervision or may order the sentence to be executed[...].

*See id.* at 77.

sentence. The sentence itself is not illegal, as the thirteen-month term of confinement assessed by the trial court lies squarely within the permissible statutory range for state jail felonies. *See* TEX. PENAL CODE ANN. § 12.35(a). As noted above, the trial court's error was in ordering the sentence to be imposed instead of suspended. Faced with a similar circumstance, at least one other court has reversed the portion of the judgment imposing sentence and remanded to the trial court with the instruction to enter a community supervision order. *See Jordan*, 979 S.W.2d at 77-78. However, unlike the appellant in *Jordan*, it appears from the record before us that East has already served his state jail sentence in full. A trial court does not have the authority to suspend a defendant's sentence once that sentence has been served. *See Ex parte Lange*, 85 U.S. 163, 174, 21 L.Ed. 872 (1874); *Turner v. State*, 31 S.W.2d 809, 810 (Tex. Crim. App. 1930) (holding that double jeopardy principles forbid any increase in a defendant's sentence once that sentence has been served or executed); *see also Vejar v. State*, No. 07-12-00520-CR, 2014 WL 6765764, at *2-3 (Tex. App.—Amarillo Dec. 1, 2014, no pet.) (mem. op., not designated for publication).

We have not found controlling authority discussing the applicable remedy to East's specific circumstance. Rule of Appellate Procedure 43.2 lists the specific types of judgments that courts of appeals may render. *See* TEX. R.

APP. P. 43.2. In this case, we cannot reverse the trial court's judgment and remand for further proceedings, because the trial court no longer has the authority to suspend East's sentence as required by law. *See id.* at (d). For the same reason, we cannot reverse and render the judgment that should have been rendered in the trial court. *See id.* at (c). Modifying the judgment to delete the portion imposing the sentence would also be inappropriate, as the judgment would show a thirteen-month sentence with no indication of whether it was executed or suspended, creating ambiguity in the judgment. *See id.* at (b). Finally, subsections (e) and (f) do not apply because we are unaware of any legal reason to vacate the judgment and dismiss the case or to dismiss the appeal. *See id.* at (e), (f). Considering the caselaw discussed above, along with Rule of Appellate Procedure 43.2, we are left with no choice but to affirm the judgment of the trial court. *See id.* at (a).

## Conclusion

Having sustained East's first issue on appeal and overruled his second issue, we affirm the trial court's judgment.

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  January 29, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do not publish
CR25

