Michael GOWAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–99–190 CR.

Court of Appeals of Texas, Beaumont.

Submitted March 16, 2000.

Decided May 17, 2000.

John Bennett, State Counsel for Offenders, Huntsville, for appellant.

Alfred Eugene Hernandez, Special Prison Prosecution Unit, Huntsville, for State.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

A jury convicted Michael Gowan of attempted escape. The trial court assessed a sentence of eleven years' confinement in the Texas Department of Criminal Justice, Institutional Division. Gowan appeals, raising two points of error.

In his first point, Gowan contends the punishment range for his conviction was improperly raised to that of a second-degree felony. Gowan argues the evidence presented only permits punishment of the instant offense, attempted escape, as a third-degree felony. Thus, his sentence of eleven years is outside the permissible range of punishment. *See* TEX. PEN.CODE ANN. § 12.34(a) (Vernon 1994) ("An individual adjudged guilty of a felony of the third degree shall be punished by imprisonment in the institutional division for any term of not more than 10 years or less than 2 years").

The indictment alleged Gowan escaped while in the custody of a penal institution for a conviction of aggravated sexual assault, which is a second-degree felony and a 3g offense.[1] Two enhancement paragraphs alleged Gowan had previously been convicted of aggravated kidnapping and

---

1. *See* TEX. PEN.CODE ANN. § 22.02(a)(b) (Vernon 1994); TEX.CODE CRIM. PROC. art. 42.12 § 3g(a)(1)(E) (Vernon Supp.2000).

burglary of a habitation, both of which are first-degree felonies.[2] All three of these offenses were entered as counts of the same cause and all were alleged to have been committed on the same day.

Attempted escape from a secure correctional facility is a state jail felony. *See* TEX. PEN.CODE ANN. § 38.06(c)(2) (Vernon Supp.2000); TEX. PEN.CODE ANN. § 15.01(d) (Vernon 1994). Gowan's conviction is punishable as a third-degree felony under section 12.35(c)(2) because he had "previously been finally convicted of any felony: (A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure."[3] To make Gowan's conviction punishable as a second-degree felony, the State relies upon section 12.42(a)(3), providing:

> If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

TEX. PEN.CODE ANN. § 12.42(a)(3) (Vernon Supp.2000).

There is no dispute Gowan was tried on a state jail felony punishable under section 12.35(c). The issue Gowan presents is whether section 12.42(a)(3) requires that the felony the defendant "has been once before convicted of" became final before the commission of the 3g felony making it punishable under 12.35(c).

■ Although Gowan couches his argument in terms of "finality," he is actually seeking imposition of a requirement that the two prior felony convictions be sequential, i.e., specifically, that the "once before" felony conviction was final before commission of the 3g felony. There is no such requirement in 12.42(a)(3), as there specifically is in 12.42(a)(2) ("and the second previous felony conviction is for an offense that occurred subsequent to the first previ-

ous conviction having become final"). In the *Phillips* case, the court found because the two previous felony convictions were not sequential the defendant could not be punished under section 12.42(d), but was only punishable at "the level of a repeat offender" under section 12.42(a)(3). *Phillips v. State*, 964 S.W.2d 735, 737 (Tex. App.—Waco 1998), *rev'd on other grounds*, 992 S.W.2d 491 (Tex.Crim.App.1999). Likewise, in *Henry v. State*, 948 S.W.2d 338, 341 (Tex.App.—Dallas 1997, no pet.), the court found the defendant's primary theft offense was the basis of his conviction for a state jail felony; that conviction, following his prior final conviction for murder, subjected him to third-degree felony punishment, under section 12.35(c)(2)(A); and a prior conviction of possession of a controlled substance enhanced the third-degree felony punishment to second-degree felony punishment, under section 12.42(a)(3).

■ We agree the previous conviction must be a final one. *See Jordan v. State*, 979 S.W.2d 75, 77 (Tex.App.—Austin 1998, pet. granted). We further agree the prior conviction must be final before commission of the primary offense. *See Johnson v. State*, 784 S.W.2d 413, 414 (Tex.Crim.App. 1990). But there is simply no requirement that the prior conviction become final before commission of the other prior felony (the one that made the state jail felony punishable under section 12.35(c)(2)(A)). Point of error one is overruled.

Gowan's second point argues the sentence assessed violates the double jeopardy clause of the Fifth Amendment to the United States Constitution. Gowan contends that without a sequential requirement, he is being punished as a *"two-time recidivist"* although both of his prior convictions were committed on the same day. He argues since both prior offenses occurred on the same day he only re-offend-

---

2.  *See* TEX. PEN.CODE ANN. § 20.04 (Vernon Supp.2000); TEX. PEN.CODE ANN. § 30.02(d)(1) (Vernon Supp.2000).

3.  *See* TEX. PEN.CODE ANN. § 12.35(c) (Vernon 1994); TEX.CODE CRIM. PROC. art. 42.12 § 3g(a)(1) (Vernon Supp.2000).

ed once—when he committed the primary offense of attempted escape.

 Gowan misunderstands his position. The legislature has clearly distinguished between non-aggravated state jail felonies, punishable under 12.35(a), and aggravated state jail felonies, punishable under 12.35(c). In order to make a non-aggravated state jail felony punishable as a second-degree felony, it must be shown the defendant has previously been finally convicted of two felonies, and they must be sequential. *See* TEX. PEN.CODE ANN. § 12.42(a)(2). Whereas only one prior felony conviction is required to make an aggravated state jail felony punishable as a second-degree felony. *See* TEX. PEN.CODE ANN. § 12.42(a)(3). Gowan is not being punished as a "two-time" re-offender. He is being punished as a re-offender on the trial of an *aggravated* state jail felony. The State did not rely upon the same felony to establish both the prior felony under section 12.35(c)(2) and the "once before" felony under section 12.42(a)(3). Accordingly, we find the statutory scheme to enhance punishment utilized in this case does not offend the Fifth Amendment of the United States Constitution. Point of error two is overruled. The judgment of the trial court is AFFIRMED.