**Donald BARNES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–00–397–CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 27, 2001.

Decided Oct. 24, 2001.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Philip Babin, Assistant Criminal District Attorney, Beaumont, for State.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

**OPINION**

WALKER, Chief Justice.

Donald Barnes pleaded guilty to evading detention, and also entered a plea of "true" to two prior felony convictions. *See* TEX. PEN.CODE ANN. § 38.04 (Vernon Supp. 2001). Barnes's indictment did not allege whether the two prior convictions were sequential but rather stated that, prior to the commission of the primary offense, Barnes was convicted for one previous felony on January 9, 1992, and convicted for the second on May 4, 1992. The indictment did not provide the dates that the enhancement offenses were committed.

At the time of Barnes's plea, the trial court questioned whether the prior of-

---

fenses were required to be sequential, but ultimately accepted Barnes's pleas. At the plea hearing, Barnes was admonished that the evading detention offense was a second degree felony, with a possible punishment range of two to twenty years and a possible fine of up to $10,000. Barnes and the State had agreed to a punishment recommendation of five years confinement in the Institutional Division of the Texas Department of Criminal Justice. The record reflects the trial court followed the punishment recommendation and assessed the five year punishment. The record, however, contains neither a motion for new trial, nor a request to the trial court for permission to appeal.

The general notice of appeal filed by Barnes does not comply with Tex.R.App. P. 25.2(b)(3), as it must in order for Barnes to pursue his appeal from a plea-bargained judgment. *See Cooper v. State,* 45 S.W.3d 77, 81 (Tex.Crim.App.2001). Therefore, pursuant to Rule 25.2(b)(3), this Court lacks jurisdiction to consider any matters raised by Barnes in his direct appeal. Barnes's appeal is dismissed for lack of jurisdiction by this Court.

APPEAL DISMISSED.

BURGESS, Justice, dissenting.

I respectfully dissent. I first note that the State agrees Barnes should receive a new trial, and neither party questions our jurisdiction. Nevertheless, I do not quarrel with the majority reviewing the question of this court's jurisdiction. However, I disagree with their determination in part.

Because Barnes appeals from a judgment rendered on a plea of guilty pursuant to a plea bargain agreement, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, we must consider whether Barnes's notice of appeal is sufficient to confer jurisdiction on this Court. Here, Barnes filed only a general notice of appeal. He did not comply with the provisions of Rule 25.2(b)(3), which requires a notice of appeal to state expressly that (1) the appeal is for a jurisdictional defect, (2) the substance of the appeal was raised in writing and ruled on before trial, or (3) the trial court granted permission to appeal. *See* Tex.R.App. P. 25.2(b)(3). The Texas Court of Criminal Appeals recently held that the court of appeals lacks jurisdiction to consider an appeal, even for voluntariness issues, where the appellant has failed to comply with the notice requirements of Rule 25.2(b) after having pleaded guilty in a plea-bargained, felony case. *See Cooper v. State,* 45 S.W.3d 77, 81 (Tex.Crim.App. 2001). The *Cooper* Court also notes that meritorious claims of involuntary pleas may be raised by other means, such as a motion for new trial and habeas corpus. *Id.* at 82. Accordingly, I agree with the majority that this Court does not have jurisdiction to address Barnes's claims raised in issues one and two, *i.e.,* that he was improperly admonished regarding the applicable punishment range and that his plea was involuntary.

However, the claims he makes in issues three and four are another matter. In those two issues Barnes contends he was sentenced to a term of imprisonment not authorized by law and his sentence is void as a matter of law. In *Vidaurri v. State,* 49 S.W.3d 880 (Tex.Crim.App.2001), a case decided even more recently than *Cooper,* the Texas Court of Criminal Appeals found the court of appeals erred in concluding that it lacked jurisdiction to consider appellant's claim because of the prohibitions of Rule 25.2(b)(3). *Vidaurri,* 49 S.W.3d at 885. Because the *Vidaurri* appellant's claim that he was deprived of a separate punishment hearing did not challenge his conviction, but rather challenged "the process by which he was sentenced, an issue 'unrelated to [his] conviction,'" the court of

appeals had jurisdiction to consider that matter, as the limitations of Rule 25.2(b)(3) do not apply in such cases. *Id.* at 885 (citing *Feagin v. State,* 967 S.W.2d 417, 419 (Tex.Crim.App.1998)). And more recently still, in *Kirtley v. State,* 56 S.W.3d 48 (Tex.Crim.App.2001), the Texas Court of Criminal Appeals determined that "[a] claim of ineffective assistance of counsel *at the punishment hearing* after adjudication of guilt is 'unrelated to' a claim regarding the propriety of the conviction. There is nothing to prohibit appellant from claiming ineffective assistance of counsel during the punishment hearing on appeal.... The Court of Appeals erred in holding otherwise." *Kirtley,* 56 S.W.3d at 51–52 (quoting *Vidaurri,* 49 S.W.3d at 885) (emphasis in original). In issues three and four, Barnes challenges not the "propriety of his conviction" but rather the "process by which he was sentenced," *i.e.,* that the trial court improperly sentenced him to a punishment exceeding that authorized by law. I would find we have jurisdiction to consider issues three and four.

Barnes argues because he was sentenced to an unauthorized term of imprisonment, his sentence is void. Barnes was charged with a state jail felony—evading detention—an offense of which he had allegedly been convicted previously and for which the maximum punishment is two years confinement in a state jail facility, absent enhancement offenses, together with a fine not exceeding $10,000. *See* TEX. PEN.CODE ANN. § 38.04(a), (b)(2) (Vernon Supp.2001); TEX. PEN.CODE ANN. § 12.35 (Vernon 1994). The State acknowledges "there was a failure of proof due to an error in the language of the indictment as to the previous offenses being sequential." Barnes contends the enhancement offenses are "of no consequence." I agree. For Barnes to receive a sentence for a second-degree felony, it must be shown he had previously been finally convicted of two felonies, and they

were sequential. *See Gowan v. State* 18 S.W.3d 305, 308 (Tex.App.—Beaumont 2000, pet. ref'd); TEX. PEN.CODE ANN. § 12.42(a)(2) (Vernon Supp.2001). However, Barnes received a five year sentence, in excess of the two year statutory maximum punishment. The sequential nature of the enhancement allegations was not shown.

Generally, when a punishment is not authorized by law, the sentence imposing that punishment is void. *See Levy v. State,* 818 S.W.2d 801, 802 (Tex.Crim.App. 1991). A punishment unauthorized by law refers to punishments assessed that, on their face, are not within the realm of punishments applicable to the particular offense. *See Speth v. State,* 6 S.W.3d 530, 532 (Tex.Crim.App.1999). Such is the sentence Barnes received.

I would sustain issues three and four, reverse the judgment and sentence and remand the cause to the trial court for a new punishment hearing. *See Young v. State,* 922 S.W.2d 676, 678 (Tex.App.—Beaumont 1996, pet. ref'd); TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.2001).