Re: Pelache v








 



                                                                                                                             

 

 

 

 

NUMBER 13-08-00463-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ERIC
SIMON PELACHE,                                                     Appellant,

 

v.

 

THE
STATE OF TEXAS,                                                       Appellee.

 

 



On appeal from the
103rd District Court

of Cameron County, Texas.

 

 



MEMORANDUM OPINION ON
REMAND

 

Before Chief Justice
Valdez and Justices Garza and Vela

Memorandum Opinion on
Remand by Chief Justice Valdez

 

            Appellant, Eric Simon
Pelache, was charged by indictment with robbery, a second-degree felony.  See
Tex. Penal Code Ann. § 29.02
(Vernon 2003).  After a jury trial, Pelache was convicted of the
lesser-included offense of theft from a person, a state-jail felony.  See
id. § 31.03(a)-(b), (e)(4)(B) (Vernon 2003).  Because the indictment
contained an enhancement paragraph documenting a prior felony conviction for
aggravated robbery, and the State provided Pelache with notice of two
additional felony convictions—one for another aggravated robbery, and a 1995
conviction for unlawful possession of a controlled substance—the trial court
sentenced Pelache to twenty years’ confinement in the Institutional Division of
the Texas Department of Criminal Justice, in accordance with the punishment
range prescribed for second-degree felonies.  See id. §§ 12.33, 12.35(c),
12.42 (Vernon Supp. 2010).  

On appeal, Pelache argues that:  (1)
the evidence is legally and factually insufficient to support the trial court’s
finding that he had been previously convicted of unlawful possession of a
controlled substance; (2) the trial court erred in applying the punishment
range for second-degree felonies when it should have applied the punishment
range corresponding to state-jail felonies or, in the alternative, third-degree
felonies; and (3) the State’s motion to enhance punishment and amend the
indictment did not provide him with sufficient notice and, therefore, violated
his right to due process.  

On original submission, this Court
reversed Pelache’s punishment based on his third issue and remanded for a new
punishment hearing.  Pelache v. State, 294 S.W.3d 248, 249-50, 52 (Tex.
App.–Corpus Christi 2009), rev’d, 324 S.W.3d 568 (Tex. Crim. App.
2010).  The Texas Court of Criminal Appeals reversed and remanded for us to
consider Pelache’s remaining issues.  Pelache, 324 S.W.3d at 569.  We affirm
as modified. 

I.             
Background

 

The indictment in this case charged
Pelache with robbing a convenience store, a second-degree felony.  The
indictment also contained an enhancement paragraph referencing a prior
conviction for aggravated robbery committed on April 8, 2000.

            On April 15, 2008, Pelache
went to trial on the robbery offense.  A convenience-store clerk identified
Pelache as the person who came into the convenience store and demanded the
money that was in the cash register.  The clerk recalled that Pelache had one
hand in his pocket, which made her think that Pelache had a weapon.  The clerk
testified that Pelache’s actions made her fear for her life.  Despite this
testimony, on April 18, 2008, the jury convicted Pelache of the
lesser-included, state-jail-felony offense of theft from a person.[1] 
The trial court set Pelache’s punishment hearing for May 2, 2008.

            Prior to the punishment
hearing, on April 23, 2008, the State notified Pelache of its intent to use two
more prior felony convictions for enhancement purposes by filing a motion for
enhancement and a request for leave of court to amend the indictment.  The
offenses were a second aggravated robbery committed on April 8, 2000, and
unlawful possession of a controlled substance committed in 1995.[2] 
In its motion, the State referenced sections 12.35 and 12.42 of the Texas Penal
Code and noted that Pelache’s “punishment [should] be increase[d] to reflect
the enhancements.”  See id. §§ 12.35, 12.42.

            In the meantime, Pelache’s
punishment hearing was reset from May 2, 2008 to May 9, 2008.  At Pelache’s
punishment hearing, the parties discussed whether Pelache’s prior felony
convictions could be used to enhance his sentence in the instant case to the
second-degree-felony range.  The State argued the following:

Further, I’d ask the Court to take
judicial notice of the [S]tate’s motion to enhance punishment that was filed
back on April 23rd of 2008.  That was also given to [the defense], served on
[the defense].  In regards to that [S]tate’s motion for enhancement, we are
alleging three different priors, more specifically, in Cause No. 00-CR-528-D. 
The defendant was convicted of the offense of aggravated robbery back on
September the 5th of 2000.  

 

            . . . .

 

And that also was in the enhancement
paragraph in the actual indictment, but we also gave them notice again in
regards to—we filed another motion for enhancement.

 

            In addition to that motion
for enhancement, we also allege another count where Mr. Pelache was also
convicted for the offense of aggravated robbery, which is a (3)(g) offense in
00-CR-522-D.  That conviction also occurred back on or about September the 5th
of 2007 [sic].

 

            In addition to that, we
are alleging that in 95-CR-1523-D, the same defendant was also convicted for
the offense of possession of [a] controlled substance back on September the 5th
of 2007—or 2000 [sic].  I’m sorry, Judge.

 

            Now, in regards to that,
Judge, basically, I do have some case law.  What I believe is applicable would
be [section] 12.35 of the [Texas] Penal Code, specifically subsection (c). 
Basically what happens in regards to—we have a state-jail conviction with the
pending aggravated robbery, one of the aggravated robberies.  That would then
enhance it to a third-degree felony, using that logic in 12.35(c).

 

            And how we get there,
Judge, is basically, the prior offense, the aggravated robbery is a (3)(g)
offense.  That (3)(g) offense, once it’s proven, will then enhance Mr. Pelache
to a third degree.

 

            In regards to that,
there’s also—I would believe that 12.42 is also applicable under subsection
(a)(3).  At this point in time, once you enhance them[,] once with the
aggravated robbery, you enhance them again with the second aggravated robbery. 

 

            . . . .

 

The case law is specific that the
convictions can occur on the same day.  In other words, the defendant doesn’t
have to go to prison one day, come back out, and go back to prison again under
12.42 and 12.35, Judge.

 

So basically, the range of punishment,
my argument would be, would be two to twenty, which would be a second-degree
felony.

 

. . . .

 

            I do have, for the Court’s
information, Gowen v. State, which talks about enhancements in regards
to this issue.  It came up in that case.  It speaks to it that they don’t have
to be in sequential order, that you can actually have a sentence on the same
day if they are a (3)(g) offense, which aggravated robbery is.

 

In response, Pelache’s counsel argued
that:

 

[Pelache’s counsel]:                        Your
Honor, I disagree with counsel.  His argument is basically that under 12.35(c),
the offense that Mr. Pelache was convicted of, and that is, a theft from a
person, if we look at the offense of theft from a person, that is a
non-aggravated state-jail felony.

            

. . . .

 

His argument is that under 12.35(c),
that non-aggravated state-jail felony is enhanced to—and it’s not an
enhancement, but it’s elevated to an aggravated state-jail felony if you find
that there was a weapon that was used in the commission of the non-aggravated
state-jail felony.

 

THE COURT:                                    Or
that the individual has previously been finally convicted of any felony listed
in [section] (3)(g)(a)(1), Art. 42.12, Code of Criminal Procedure, or for which
the judgment contains an affirmative finding under [section] (3)(g)(a)(2), Art.
42.12, Code of Criminal Procedure.

 

[Pelache’s Counsel]:                       Correct. 
Now, my argument is that no notice was provided with regards to enhancing Mr.
Pelache’s state-jail felony from a non-aggravated state-jail felony to an
aggravated state-jail felony.

 

And if the Court will notice, their
continuous argument is, they call it an enhancement.  They provided me a notice
of an enhancement enhancing his state-jail felony, the theft from a person, to
an aggravated state-jail felony, making notice of the enhancement.  Well, in a
state-jail felony, the only way you can enhance is under Art. 12.42, and that
is not applicable in this case.

 

It’s my position that he is not
subject to having his state-jail felony enhanced from a non-aggravated to an
aggravated because the notice that has been provided by the [S]tate has been in
the form of an enhancement, and that notice was done pursuant to 12.42, which
is not applicable.  And it’s our position that the only offense and range of
punishment that you can consider in this case is basically a state-jail felony,
between six to two months—between six months to two years.

 

In the alternative, if the Court
should not agree with us, not that I’m agreeing, but the one that would fit
more than what the [S]tate is arguing, that it’s a second, would be a
third-degree, not a second-degree felony.  We would object to that.

 

The crux of Pelache’s argument at the
punishment hearing focused on lack of notice.  However, Pelache also argued
that there was “only one [prior] conviction, really,” meaning Pelache should,
at most, be sentenced in accordance with the punishment range for third-degree
felonies.

            After hearing arguments
from both parties and testimony from several witnesses, the trial court opined:

Okay.  I’m going to—I’m looking at the
case law they’ve given me, and according to the case law, “There is no
requirement that a prior felony conviction used to enhance punishment for a
state-jail felony to a second-degree felony punishment under a statute
permitting such enhancement if defendant has been once before convicted of a
felony be final prior to the commission of the additional prior (3)(g) felony
used for initial enhancement of punishment for the primary state-jail felony to
the third-degree felony punishment, although both the prior convictions for the
(3)(g) felony and the once [sic] before convicted felony must be final before
the commission of the primary state-jail felony.”  And both of these were final
felony prior convictions prior to the commission of the state-jail.  So I am
inclined to agree with the [S]tate that it is a second-degree, and that the
enhancement is good.

 

Pelache’s
counsel then argued:

 

We would object to that finding.  It
is our position that this is a matter that should be enhanced, if any, to a
third-degree.  The convictions that the [S]tate is relying upon are two
convictions that occurred on the same date, that were prosecuted on the same
date, and that were sentenced on the same date.  Therefore, they are not
prior—there’s only one conviction, really, that there is because they occurred
as a result of one criminal transaction, and he was sentenced pursuant to one
criminal proceeding.  Therefore, they are not separate convictions; they are
one.

 

The trial court rejected Pelache’s
argument and orally found that Pelache’s sentence should be enhanced to
second-degree-felony status.  The trial court sentenced Pelache to twenty
years’ confinement.  Pelache appealed the trial court’s punishment findings. 

On original submission, this Court
held that Pelache’s substantial rights were harmed by the State’s notification
of its intent to enhance his punishment that was filed six days after the jury
rendered its verdict in this case; accordingly, we reversed Pelache’s
punishment and remanded for a new punishment hearing.  Pelache, 294
S.W.3d at 249-50, 52, rev’d, 324 S.W.3d at 569.  The Texas Court of
Criminal Appeals reversed and held that Pelache’s “federal constitutional
due-process rights were not violated.”  Pelache, 324 S.W.3d at 569. 
Specifically, the court of criminal appeals stated that:

An application of the aforementioned
cases leads us to conclude that the State’s April 23, 2008 enhancement notice
was sufficient to put appellant [Pelache] on notice of “the nature of the
[enhancement] charges he [was] accused of.”  In determining whether appellant
received sufficient notice of the State’s intent to enhance punishment, we look
to the record to identify whether appellant’s defense was impaired by the
timing of the State’s notice.  Similar to the defendants in Oyler and Villescas,
appellant did not request a continuance, appear surprised by the allegations,
or argue that he was unprepared to defend against the prior conviction
allegations.  In fact, we have held that “when a defendant has no defense to
the enhancement allegation and has not suggested the need for a continuance in
order to prepare one, notice given at the beginning of the punishment phase
satisfies the federal constitution.”

 

Id. at 577 (citing Villescas v. State, 189 S.W.3d
290, 294 (Tex. Crim. App. 2006)).  Given that the court of criminal appeals has
addressed Pelache’s third issue, we need only address his first two issues
pertaining to:  (1) the sufficiency of the evidence supporting the trial
court’s finding that Pelache had been previously convicted of unlawful
possession of a controlled substance; and (2) the trial court’s application of
the punishment range for second-degree felonies.

II.           
Evidentiary Sufficiency of the State’s Enhancement Allegations

 

First, Pelache challenges the
sufficiency of the evidence supporting the finding that he was previously
convicted of the offense of unlawful possession of a controlled substance. 
Specifically, Pelache argues that the State matched fingerprints and identified
Pelache as the individual in the aggravated robbery cases, but such evidence
was not introduced to link Pelache to the unlawful-possession-of-a-controlled-substance
offense.  Further, Pelache argues that the record does not contain a finding
from the trial court regarding the State’s enhancement allegations.  The State
argues that:  (1) the trial court orally found that the State’s enhancement
allegations were “true”; and (2) it is immaterial whether the evidence is sufficient
to support the unlawful-possession-of-a-controlled-substance offense because
the evidence demonstrated that Pelache had been twice convicted of aggravated
robberies prior to his participation in the offense in this case.   

A.   Applicable
Law

The court of criminal appeals has
recently held that there is “no meaningful distinction between the Jackson
v. Virginia legal sufficiency standard and the Clewis factual-sufficiency
standard” and that the Jackson standard “is the only standard that a
reviewing court should apply in determining whether the evidence is sufficient
to support each element of a criminal offense that the State is required to
prove beyond a reasonable doubt.”  Brooks v. State, 323 S.W.3d 893,
902-03, 912 (Tex. Crim. App. 2010) (plurality op.).  Accordingly, we review Pelache’s
claims of evidentiary sufficiency under “a rigorous and proper application” of
the Jackson standard of review.  Id. at 906-07, 912.

Under the Jackson standard,
“the relevant question is whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.”  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); see Brooks, 323 S.W.3d at 898-99
(characterizing the Jackson standard as:  “Considering all of the
evidence in the light most favorable to the verdict, was a jury rationally
justified in finding guilt beyond a reasonable doubt”).  “[T]he fact[-]finder’s
role as weigher of the evidence is preserved through a legal conclusion that
upon judicial review all of the evidence is to be considered in the
light most favorable to the prosecution.”  Jackson, 443 U.S. at 319
(emphasis in original); see also Tex.
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979) (“The jury, in all
cases is the exclusive judge of facts proved and the weight to be given to the
testimony . . . .”); Wesbrook v. State, 29 S.W.3d
103, 111 (Tex. Crim. App. 2000) (“The jury is the exclusive judge of the credibility
of witnesses and of the weight to be given testimony, and it is also the
exclusive province of the jury to reconcile conflicts in the evidence.”).

The State
bears the burden of proving an enhancement allegation beyond a reasonable
doubt.  Jordan v. State, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008); see
Zimmer v. State, 989 S.W.2d 48, 50 (Tex. App.–San Antonio 1998, pet.
ref’d).  A prior conviction alleged for enhancement may by proven by, among
other things:  (1) “certified copies of a judgment and sentence and
authenticated copies of the Texas Department of Corrections records, including
fingerprints, supported by expert testimony matching them to the known prints
of the defendant”; (2) “offering the testimony of a witness who personally
knows the defendant and the fact of his prior conviction and identifies him”;
(3) “stipulations or the judicial admission of a defendant”; or (4) “matching a
photograph of the defendant in a penitentiary packet or other official record
to the defendant at trial.”  Zimmer, 989 S.W.2d at 50 (citing Beck v.
State, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986); Littles v. State,
726 S.W.2d 26, 31 (Tex. Crim. App. 1984)).

B.   Discussion

Pelache specifically complains about
the sufficiency of the evidence pertaining to a prior felony conviction for
unlawful possession of a controlled substance.  During the punishment phase, a
penitentiary packet was admitted into evidence.  Enclosed in the pen packet
were copies of judgments for two instances of felony aggravated robbery and
felony unlawful possession of a controlled substance.  The two judgments
corresponding to the aggravated robberies included a card containing
fingerprints from April 8, 2000.  Also among the evidence admitted was a
fingerprint card created after Pelache was arrested for the charged offense in
this case.  The judgment corresponding to the
unlawful-possession-of-a-controlled-substance offense did not have a
fingerprint card attached to it, nor did any of the State’s witnesses provide
testimony, other than simply reading the judgment into the record, that Pelache
was indeed the perpetrator of that offense.  

Based on the record before us, we
cannot say that the State carried its burden of proving the
unlawful-possession-of-a-controlled-substance enhancement beyond a reasonable
doubt.  See Jordan, 256 S.W.3d at 291; see also Zimmer, 989
S.W.2d at 50.  Nevertheless, we conclude that the sufficiency of the evidence
pertaining to the unlawful-possession-of-a-controlled-substance offense is
immaterial because there is sufficient evidence to support the trial court’s
finding that Pelache had been twice convicted of felony aggravated robbery and
because, as we discuss later, sections 12.35(c) and 12.42 only required that
the State prove that Pelache was finally convicted of the aggravated
robberies.  See Tex. Penal Code
Ann. §§ 12.35(c), 12.42; see also Jackson, 443 U.S. at 319; Brooks,
323 S.W.3d at 902-03, 912.

Luis Carlos De Leon, an investigator
with the Cameron County District Attorney’s Office and a fingerprint
identification expert, concluded that, based on his training and experience,
the fingerprints from the April 8, 2000 fingerprint card matched the
fingerprint card created in this case.  De Leon then identified Pelache in open
court as the individual whose fingerprints are contained in both fingerprint
cards.  The State called several investigators to testify as to their
professional opinion regarding Pelache’s reputation for peacefulness in the
community.  Each of the investigators stated that Pelache had a bad reputation
and that he regularly committed crimes.  In addition, Nelda Alvarez, an
employee at H.E.B. in McAllen, Texas, testified that she previously worked at a
Circle K in Harlingen, Texas, and that on April 8, 2000, Pelache robbed the
Circle K.  Alvarez identified Pelache in open court as the perpetrator and
noted that she believed that, as a result of the incident, Pelache was
convicted of aggravated robbery.  Charles Fechner, a detective for the City of
Harlingen, and Wilfredo Guerra, an investigator for the Harlingen Police
Department, both identified the two aggravated robbery judgments as separate
incidents occurring at different locations on the same evening—April 8,
2000—and that Pelache was the perpetrator and used a crowbar, a weapon they
described as a deadly weapon, in both offenses.  Based on this evidence, we
conclude that the State satisfied its burden of proving that Pelache had been
twice convicted of aggravated robbery beyond a reasonable doubt and that the
trial court was rationally justified in concluding that the State’s
aggravated-robbery enhancements were true.  Accordingly, we find that the
evidence supporting the trial court’s finding regarding the aggravated
robberies is sufficient.  See Jackson, 443 U.S. at 319; Brooks,
323 S.W.3d at 902-03,
912; Jordan, 256 S.W.3d at 291; Zimmer,
989 S.W.2d at 50.

Despite this evidence, Pelache also
appears to argue that:  (1) the aggravated robbery offenses constituted one
offense because they were tried together and the judgment was rendered on the
same day; and (2) the law requires that a prior conviction become final before
the commission of the other prior felony.  As noted above, the State presented copies
of the judgments for Pelache’s prior aggravated robbery convictions, thus
demonstrating that the convictions were for two separate and distinct robberies
that occurred on the same evening.  Therefore, the evidence does not support a
finding that the aggravated robberies amounted to one conviction for
enhancement purposes.  See Spradling v. State, 773 S.W.2d 553, 556 (Tex.
Crim. App. 1989) (holding that when “there are two victims, a separate victim
for each offense, the acts, though occurring at the same time and place,
constitute separate offenses involving separate issues of law, and separate
prosecutions are not barred by former jeopardy”); see also Sanchez v. State,
269 S.W.3d 169, 170 (Tex. App.–Amarillo
2008, pet. ref’d) (stating that the protection against double jeopardy is inapplicable
where separate and distinct offenses occur during the same transaction).  

To the extent that Pelache argues that
the law requires that a prior conviction become final before the commission of
the other prior felony, we note that there is no such requirement.  See
Gowan v. State, 18 S.W.3d 305, 307 (Tex. App.–Beaumont 2000, pet. ref’d).  In
order to enhance an offender’s sentence, the State must present evidence that
the prior convictions used for enhancement purposes are final before the
commission of the primary offense.  See Johnson v. State, 784 S.W.2d
413, 414 (Tex. Crim. App. 1990); see also Gowan, 18 S.W.3d at 307; Jordan
v. State, 979 S.W.2d 75, 77 (Tex. App.–Austin 1998), aff’d, 36
S.W.3d 871 (Tex. Crim. App. 2001).  Here, Pelache was convicted of two
instances of aggravated robbery and both convictions were final before Pelache
committed the offense in this case.  Therefore, Pelache’s contention that the
prior aggravated robbery convictions were not final and could not be used for
enhancement purposes is unfounded.  Accordingly, we overrule Pelache’s first
issue.   

III.          
Punishment Range

 

Pelache next argues that the trial
court erred in applying the punishment range for second-degree felonies. 
Specifically, Pelache asserts that the punishment range for second-degree
felonies should not have been applied in this case because the trial court did
not make an oral or written finding that he had been previously convicted of
two felonies.  Pelache contends that the trial court was obligated to make its
findings regarding the State’s enhancement allegations in the judgment, and
because this was not done, the state-jail felony or, in the alternative, the
third-degree felony punishment range should have been applied.  The State
argues that the trial court made an oral finding during the punishment hearing
that Pelache was previously convicted of at least two prior felonies and then
sentenced Pelache in accordance with section 12.35(c) and the habitual-felony-offender
statute codified in section 12.42 of the penal code.  See Tex. Penal Code Ann. §§ 12.35(c), 12.42.


A.  
Applicable Law

With regard to the application of the
applicable punishment range, the court of criminal appeals has stated:

At the sentencing phase, neither party
carries the burden of proving what punishment should be assessed within the
statutorily prescribed range applicable to a given offense.  Generally, the
fact[-]finder’s decision of what particular sentence to assess is a “normative,
discretionary function” that does not depend on the resolution of specific
facts.  However, when the State seeks to enhance a defendant’s sentence for the
primary offense by alleging that a defendant has a prior conviction, and the
defendant enters a plea of not true, the fact[-]finder must decide whether the
State has sustained its burden by entering a finding that the enhancement
allegation is either true or not true.  In essence, the assessment of
punishment involves two types of deliberations when the state has alleged, and
the defendant has entered a plea of not true to, a prior conviction used for
enhancement purposes.  First, the fact[-]finder engages in a deductive,
discrete fact-finding process to determine whether the State has proved that
the enhancement allegation is true.  And second, considering all of the
evidence admitted during the guilt and punishment phases, the fact[-]finder
engages in a normative process that is uninhibited by any required, specific
fact determination to decide what particular punishment to assess within the
range prescribed by law.

 

Jordan, 256 S.W.3d at 291-92 (citations
omitted).

B.  
Discussion

With regard to Pelache’s argument that
the trial court failed to make an oral or written finding as to the State’s
enhancement allegations, we note that the reporter’s record reflects that the
trial court orally found the State’s enhancement allegations to be true. 
Furthermore, the written judgment specifically indicates that the trial court
found the State’s enhancement allegations to be true.  But see Speth v.
State, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999) (listing the twenty-nine
items the judgment should reflect, none of which include specific findings
regarding the punishment enhancement allegations in the indictment); see
also Walls v. State, No. 06-04-00009-CR, 2004 Tex. App. LEXIS 5704, at
**10-11 (Tex. App.–Texarkana June 29, 2004, no pet.) (mem. op., not designated
for publication) (“Article 42.01 does not require that the judgment include
specific findings regarding the punishment enhancement allegations in the indictment.”)
(citing Tex. Code Crim. Proc. Ann.
art. 42.01, § 1 (Vernon Supp. 2010)).  We therefore conclude that this argument
is without merit.[3] 


Pelache further contends that the
trial court erroneously applied the punishment range for second-degree felonies. 
Pelache argues that this offense should have been punished under the punishment
range associated with state-jail felonies or, in the alternative, third-degree
felonies.  The State disagrees and directs us to sections 12.35(c) and
12.42(a)(3) of the penal code and article 42.12, section 3g of the code of
criminal procedure.  See Tex.
Penal Code Ann. §§ 12.35(c), 12.42(a)(3); see also Tex. Code Crim. Proc. Ann. art. 42.12,
§ 3g (Vernon Supp. 2010).

Section 12.35(c) of the penal code
provides that:

An individual adjudged guilty of a
state[-]jail felony shall be punished for a third[-]degree felony if it is
shown on the trial of the offense that:

 

(1)  a
deadly weapon as defined by Section 1.07 was used or exhibited during the
commission of the offense or during immediate flight following the commission
of the offense, and that the individual used or exhibited the deadly weapon or
was a party to the offense and knew that a deadly weapon would be used or
exhibited; or

 

(2) 
the
individual has previously been finally convicted of any felony:

 

(A) under Section 21.02
or listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or

 

(B) for which the
judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12,
Code of Criminal Procedure. 

Tex. Penal
Code Ann. § 12.35(c). 
Section 3g(a)(1) of article 42.12 of the code of criminal procedure references
aggravated robbery offenses, as criminalized in section 29.03 of the penal
code.  Tex. Code Crim. Proc. Ann.
art. 42.12, § 3g(a)(1)(F); see Tex.
Penal Code Ann. § 29.03 (Vernon 2003).

            In the instant case,
Pelache was convicted of theft from a person, a state-jail felony.  During the
punishment phase, the State introduced evidence that Pelache had been twice
convicted of aggravated robbery, an article 42.12, section 3g offense, prior to
committing this offense.  Because Pelache had been previously convicted of a
section 3g offense, the trial court properly used it to enhance the punishment
range for the theft-from-a-person offense to the range associated with
third-degree felonies.  See Tex.
Penal Code Ann. § 12.35(c)(2)(B).  However, the punishment range for
this offense was further enhanced by section 12.42(a)(3).  See id. §
12.42(a)(3).

            Section 12.42(a)(3)
provides that:

Except as provided by Subsection
(c)(2), if it is shown on the trial of a state[-]jail felony punishable under
Section 12.35(c) or on the trial of a third-degree felony that the defendant
has been once before convicted of a felony, on conviction he shall be punished
for a second-degree felony.

 

Id.  Because the record demonstrates that Pelache was
subject to the punishment range corresponding to section 12.35(c) and because
he has two prior felony convictions for aggravated robbery, the trial court
properly sentenced Pelache within the range for second-degree felonies in
accordance with section 12.42(a)(3).  See id. §§ 12.35(c), 12.42(a)(3). 
Furthermore, the trial court’s imposition of a twenty-year sentence falls
within the punishment range prescribed for second-degree felonies.  See id.
§ 12.33 (“An individual adjudged guilty of a felony of the second degree shall
be punished by imprisonment . . . for any term of not more than 20 years or
less than 2 years.”).  Therefore, based on the foregoing, we cannot say that
the trial court erred in applying the second-degree-felony punishment range to
sentence Pelache to twenty years’ confinement.  See id. §§ 12.33,
12.35(c), 12.42(a)(3); Tex. Code Crim.
Proc. Ann. art. 42.12, § 3g; see also Jordan, 256 S.W.3d at 291-92. 
Accordingly, we overrule Pelache’s second issue.  

IV.         
Conclusion

Because the record contains sufficient
evidence indicating that Pelache pleaded “not true” to the State’s enhancement
allegations, we reform the judgment to reflect as such, and we affirm the
judgment as modified. 

 

_________________

Rogelio
Valdez

                                                                                                Chief
Justice

 

Do not publish. 

Tex. R. App. P.
47.2(b)

Delivered
and filed the 

3rd
day of March, 2011.

 

 

 









[1] The jury did not
find that Pelache used a deadly weapon in the commission of the
theft-from-a-person offense.

 





[2] The Texas Court of
Criminal Appeals mentioned in its majority opinion in this matter that “[t]he
record reflects that the state-jail felony conviction for possession of a
controlled substance was ultimately not used to enhance appellant’s
punishment.”  Pelache v. State, 324 S.W.3d 568, 570 n.9 (Tex. Crim. App.
2010).  Moreover, the record reflects that Pelache was convicted of the two
aggravated robberies on September 5, 2000.





[3] Despite our holding,
we find an error in the written judgment regarding Pelache’s plea to the
State’s enhancement allegations.  The reporter’s record clearly reflects that
Pelache pleaded “not true” to the enhancement allegations in open court, though
the written judgment indicates that Pelache did not enter a plea.  Because
there is sufficient evidence in the record, we reform the judgment to reflect
that Pelache pleaded “not true” to the State’s enhancement allegations.  See
Tex. R. App. P. 43.2(b); see
also Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).