ACCEPTED
03-14-00616-CR
4362710
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/4/2015 9:52:21 AM
JEFFREY D. KYLE
CLERK

## CAUSE NO. 03-14-00616-CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/9/2015 9:52:21 AM
JEFFREY D. KYLE
Clerk

## IN THE COURT OF APPEALS
## FOR THE THIRD DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **ALEXIS MARIE IRELAND** | § |
| | § |
| **v.** | § |
| | § |
| **STATE OF TEXAS** | § |

## APPELLANT'S SUPPLEMENTAL BRIEF

**Justin Bradford Smith**
**Texas Bar No. 24072348**
**Harrell, Stoebner, & Russell, P.C.**
**2106 Bird Creek Drive**
**Temple, Texas 76502**
**Phone: (254) 771-1855**
**FAX: (254) 771-2082**
**Email: justin@templelawoffice.com**

**ATTORNEY FOR APPELLANT**

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**
Alexis Marie Ireland

**Appellant's Counsel**
Justin Bradford Smith
Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
FAX: (254) 771-2082
Email: justin@templelawoffice.com

**Appellant's Trial Counsel**
Jack Holmes
1610 South 31st Street, Suite 102, PMB 235
Temple, TX 76504

**Appellee**
State of Texas

**Appellee's Trial Counsel**
Leslie McWilliams
Bell County District Attorney
P.O. Box 540
Belton, Texas 76513
Telephone: (254) 933-5215
Fax: (254) 933-5238

**Appellee's Appellate Counsel**
Bob Odom
Bell County District Attorney's Office
Email: DistrictAttorney@co.bell.tx.us

# **TABLE OF CONTENTS**

Identity of Parties and Counsel………………………………………………………... 2

Table of Contents……………………………………………………………………..3

Index of Authorities………………………………………………………..4-5

Justification for Supplemental Brief………………………..………………...6-8

Supplemental Issue Presented……...…..………………………….……………….8

      ISSUE THREE: The restitution ordered in the judgment must be deleted
            because it constitutes a void sentence since it orders
            restitution for a victim of an offense for which Appellant
            was not charged or convicted.………………….…………8

Supplemental Statement of Facts…….………………………………………....8-9

Summary of the Argument…………………….………………………….....9-11

      ISSUE THREE: The restitution ordered in the judgment must be deleted
            because it constitutes a void sentence since it orders
            restitution for a victim of an offense for which Appellant
            was not charged or convicted.……………….………….9

Argument…………………………………………………….........12-19

Standard of Review………………………...……………………………12

Law and Analysis………………………………………………....12-19

Conclusion…………………………………………………………...19

Prayer……………………………………………………………........20

Certificate of Compliance………………………………………………....20

Certificate of Service……………………………………………………...21

# INDEX OF AUTHORITIES

**Texas Court of Criminal Appeals:**

*Brewer v. State*, No. 1270-03, 2004 WL 3093224
(Tex. Crim. App. May 19, 2004) (unpublished)……………………………....6

*Campbell v. State*, 5 S.W.3d 693
(Tex. Crim. App. 1999)……………………………………..7, 15-16, n. 3, 19

*Cartwright  v. State*, 605 S.W.2d 287
(Tex. Crim. App. 1980)…………………………………………………...12, 19

*Davis v. State*, 368 S.W.2d 368
(Tex. Crim. App. 1998)………………………………………………….12

*Ex parte Cavazos*, 203 S.W.3d 333
(Tex. Crim. App. 2006) (orig. proceeding)………………...................13, 16

*Ex parte Williams*, 65 S.W.3d 656
(Tex. Crim. App. 2001)………………………………………………….16

*Gonzalez v. State*, 117 S.W.3d 831
(Tex. Crim. App. 2003)………………………………………………….12

*Gutierrez-Rodriguez v. State*, 44 S.W.3d 21
(Tex. Crim. App. 2014)………………………………………..6, 13-14, 17

*Hanna v. State*, 426 S.W.3d 87
(Tex. Crim. App. 2014)……………………………………..6-7, 15-16, 19

*Heath v. State*, 817 S.W.2d 335
(Tex. Crim. App. 1991)………………………………………………….16

*Martin v. State,* 874 S.W.2d 674
(Tex.Cr.App.1994)……………………………………………........7, 15-16

*Speth v. State*, 6 S.W.3d 530
(Tex. Crim. App. 1999)……………………………….…………………..14

*Taylor v. State*, 131 S.W.3d 497
    (Tex. Crim. App. 2004)……………………………………………………….12

*Weir v. State*, 278 S.W.3d 364
    (Tex. Crim. App. 2006)………………………………………………...13, 16

**Texas Courts of Appeals:**

*Alexander v. State*, 301 S.W.3d 361
    (Tex. App.—Fort Worth 2009, no pet.)………………………………………12

*Jordan v. State*, 979 S.W.2d 75
    (Tex. App.—Austin 1998)……………………………………….7, 15 (n. 3), 17

*O'Neal v. State*, 426 S.W.3d 242
    (Tex. App.—Texarkana 2013, no pet.)………………………………………12

*Rodriguez v. State*, 939 S.W.2d 211
    (Tex. App.—Austin 1997, no pet.)……………………………………………16

**Statutes/Rules:**

Tex. Code Crim. Proc. Ann. 42.037(a)…………………………………7, 15-17, 19

Tex. Code Crim. Proc. Ann. art. 42.12, Section 9(j)…………………………………6

Tex. R. App. P. 38.7…………………………………………………………...7

**JUSTIFICATION FOR SUPPLEMENTAL BRIEF**

A presentence investigation report (PSI) is not ordinarily part of the appellate record. *Brewer v. State*, No. 1270-03, 2004 WL 3093224, at *4 (Tex. Crim. App. May 19, 2004) (unpublished); *see* Tex. Code Crim. Proc. art. 42.12, Sec. 9(j) (report is confidential). Until the State asked for permission to supplement the record with the PSI, therefore, we (or at least this writer), did not know that, as the State concedes, the restitution ordered in the judgment was not for the offense for which Appellant was charged. *See* State's Brief, at 10-11. Rather, it appeared that the restitution included in the written judgment ($1,922.57) constituted the portion of the $7,475.41 originally charged that was still owed or not recovered.

Now it is clear that the trial court ordered Appellant to pay restitution for a crime for which Appellant was neither charged nor convicted. While Appellant agrees with the State that this was (arguably) proper under *Gutierrez-Rodriguez v. State*, 44 S.W.3d 21 (Tex. Crim. App. 2014) *in the original order of deferred adjudication that granted Appellant community supervision*, it is not proper now that Appellant has been sentenced. Rather, since restitution "may be ordered only to a victim of an offense for which the defendant is charged", *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014), Appellant cannot be ordered to pay restitution as a part of her sentence to an entity who is not a victim of *this forgery*

6

for which Appellant was charged. *See Campbell v. State*, 5 S.W.3d 693, 697 (Tex. Crim. App. 1999) ("Another limit on the authority of a trial court to order restitution is that a trial court may not order restitution to any but the victim or victims of the offense with which the offender is charged. *Martin v. State,* 874 S.W.2d 674, 679–80 (Tex.Cr.App.1994) (holding that a restitution order may not compensate all victims of a general scheme to defraud when the defendant was only charged with defrauding one investor). Nor may a trial court, without the agreement of the defendant, order restitution to other victims unless their losses have been adjudicated.").

In these circumstances, Appellant's sentence is void because it is unauthorized, and a void sentence may be raised for the first time on appeal. *Jordan v. State*, 979 S.W.2d 75, 77 (Tex. App.—Austin 1998); Tex. Code Crim. Proc. art. 42.037(a) (defendant "convicted of an offense" may be ordered to pay restitution to "any victim of *the* offense") (emphasis added); *Hanna*, 426 S.W.3d at 91 (restitution "may be ordered only to a victim of an offense for which the defendant is charged").

In light of these facts, it is proper for the Court to consider this additional issue, and it would also be proper to afford the State an opportunity to respond. Tex. R. App. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe."). Certainly the

possibility that Appellant has received a void sentence is an instance of "justice requir[ing]" a supplemental brief. Therefore, Appellant is filing this supplemental brief raising an additional issue, along with a motion for leave to file the same, and asks the Court both to consider this new issue and to allow the State a chance to respond.[1]

## SUPPLEMENTAL ISSUE PRESENTED

ISSUE THREE: The restitution ordered in the judgment must be deleted because it constitutes a void sentence since it orders restitution for a victim of an offense for which Appellant was not charged or convicted.

## SUPPLEMENTAL STATEMENT OF FACTS

Appellant will rely on the Statement of Facts in her initial brief, supplemented by the following. Appellant was charged by information with forgery by passing. (I C.R. at 5-6). The amount of the check the State alleged she forged, a copy of which was included in the information, was $7,475.41, and the victim was Central National Bank. (I C.R. at 5). Appellant pled guilty and received deferred adjudication pursuant to a plea bargain, one term of which was

---

[1] It seemed most straightforward to draft a separate brief to supplement Appellant's initial brief, rather than file an amended brief including all three issues. In light of the fact that Appellant, time permitting, may need to file a reply brief as well (in case the Court does not allow this supplemental brief, does not agree with Appellant's arguments, or Appellant turns out to be wrong), Appellant asks this Court to accept this supplemental brief as is rather than direct Appellant to file an amended brief incorporating all three issues into one document.

that she pay restitution in the amount of $1,922.57 at a rate of $35.00 per month. (I C.R. at 28-30).

In fact, Central National Bank lost none of the $7,475.41: Appellant was caught before she received any money. (I Supp. C.R. at 8). Instead, "Central National Bank later discovered that the defendant successfully cashed a check the previous day for $1,922.57. Central National Bank reimbursed HAP Investments for the check." (I Supp. C.R. at 8). So, Central National Bank lost $1,922.57, but that is not a loss incurred as a result of Appellant's attempt to pass a check for $7,475.41. (I Supp. C.R. at 8).

Appellant's guilt was later adjudicated and the trial court incompletely orally pronounced her sentence as follows: "You will still owe whatever restitution remains unpaid of the original $19,232.57 [sic] that was previously ordered." (VII R.R. at 7). The written judgment included restitution of $1,922.57. (I C.R. at 92).

## SUMMARY OF THE ARGUMENT

ISSUE THREE: The restitution ordered in the judgment must be deleted because it constitutes a void sentence since it orders restitution for a victim of an offense for which Appellant was not charged or convicted.

This turns out to be a case in which Appellant was convicted of one offense, but ordered to pay restitution for another offense with which she was never charged and of which she was never convicted. This is contrary to the restitution

9

statute and the case law, and is unauthorized; therefore, this portion of her sentence is void.

A defendant on deferred adjudication is not sentenced unless and until he is adjudicated guilty. Once adjudicated guilty, he is sentenced, but the original order deferring adjudication is set aside, including any fines or restitution ordered therein. Restitution is part of the sentence.

When a defendant receives community supervision, he may be ordered to pay restitution based on facts exceeding, somewhat, the terms of the charging instrument, so long as he could have objected to the condition of community supervision but did not, and that condition is not one the criminal justice system finds intolerable or unconscionable. For example, ordering restitution for an uncharged item stolen during the same transaction as the charged items is not a condition the criminal justice system finds intolerable. However, this law does not apply to Appellant's case for two reasons: first, a condition of community supervision is not a sentence or a part of a sentence, and here we are concerned with the propriety of Appellant's *sentence*, not her *condition of community supervision*; second, the facts of Appellant's case involve two separate forgeries committed on two separate days, and therefore two separate transactions and offenses, not the "same" transaction as discussed in the relevant case.

Instead, one of the limitations placed on restitution orders is that the restitution must be for the *charged offense*. Here, the restitution is not for the charged offense, but rather, for a separate, earlier, and uncharged offense. As such, this restitution was unauthorized and therefore void. Because a void sentence may be challenged at any time, this Court can now delete the restitution and affirm the trial court's judgment as modified.

Indeed, had the trial judge declined to order restitution and explained its reasons for doing so on the record, as required by statute, the trial judge's explanation would have been perfectly reasonable: he cannot give Appellant a void sentence, though he could order her to pay restitution, with her agreement, before he sentenced her.

Another way of looking at this case is simply to say that because the victim suffered no loss from *this* forgery, the victim is not owed any restitution as a result of a conviction for *this* offense. That is, the factual basis is still lacking for the restitution despite the State's supplementation of the record.

Any way the Court looks at this case, the restitution order cannot stand.

## ARGUMENT

**Standard of Review**

### 1. Abuse of Discretion

The appellate court reviews challenges to restitution orders under an abuse of discretion standard. *O'Neal v. State*, 426 S.W.3d 242, 246 (Tex. App.—Texarkana 2013, no pet.); *Cartwright v. State*, 605 S.W.2d 287, 288-89 (Tex. Crim. App. 1980). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or acts arbitrarily or unreasonably, or when its decision is so clearly wrong that it lies outside the zone of reasonable disagreement. *Gonzalez v. State*, 117 S.W.3d 831, 839 (Tex. Crim. App. 2003).

**Law and Analysis**

### 2. An Order Adjudicating Guilt Sets Aside the Order Deferring Adjudication, Including Any Fines or Restitution Imposed Therein

No sentence is imposed when a defendant receives deferred adjudication. *See Davis v. State*, 368 S.W.2d 368, 371 (Tex. Crim. App. 1998) ("strictly speaking, it [deferred adjudication] is not a probated or suspended sentence because there has not been a sentence") (internal quotations omitted). When "guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine" and restitution. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (fine); *Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) (restitution).

12

This is because restitution is punishment and thus part of the sentence that is set aside. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2006); *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (orig. proceeding).

### 3. A Condition of Community Supervision May Exceed, Somewhat, the Terms of the Charging Instrument, But Not On These Facts

In *Gutierrez-Rodriguez v. State*, 44 S.W.3d 21 (Tex. Crim. App. 2014), the defendant was convicted of theft and placed on community supervision. *Id*. at 22. One of the conditions of community supervision the trial court ordered required her to pay restitution for items for which she was not charged with stealing. *Id*. This apparently happened because the items listed in the charging instrument were "recovered in working order" and the State agreed there was no loss. *Id*. at 22 and (Cochran, J., concurring, at page 4).[2]

On appeal from this condition of community supervision, the defendant argued the restitution requirement was not supported by the evidence. *Id*. at 22. While the Court of Appeals agreed, the Court of Criminal Appeals decided that Appellant forfeited her complaint by failing to object at trial. *Id*. at 22-24. The high court's reasoning was that "[c]onditions of probation that are not objected to are affirmatively accepted as terms of the contract, unless the condition is one that

---

[2] Because WestlawNext does not have the concurrence, Appellant is citing the version available on the website of the Court of Criminal Appeals. *See* http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=4450b3d4-f301-466f-833c-333dcdea6a30&coa=coscca&DT=OPINION&MediaID=131b8b55-837b-4f06-b967-7db890bdeadd.

the criminal justice system finds to be intolerable and is therefore not a contractual option available to the parties." *Id*. at 23. The Court concluded that "[r]equiring restitution for stolen items that were not included in the charging instrument, but that belonged to the complaining witnesses and were stolen during the same transaction as the charged items, is not the sort of condition that the criminal justice system finds intolerable or unconscionable. This is true even if appellant's connection to the theft of these items was not specifically established, as long as she had the opportunity to object and challenge such a connection." *Id*. at 23. Under this case, strange as it seems, the restitution ordered as a term of Appellant's community supervision is not improper.

But now, Appellant's situation is markedly different. First and foremost, Appellant is not appealing a condition of community supervision; rather, she is appealing her *sentence*, and "community supervision is not a sentence or even part of a sentence." *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). As a result, Appellant did not affirmatively accept the terms of any "contract", nor did she fail to object to a "contractual option" when she was sentenced. *Gutierrez-Rodriguez*, 444 S.W.3d at 23. Second, here we have two forgeries occurring on two separate days, (I Supp. C.R. at 8), and thus two transactions, not one transaction as in *Gutierrez-Rodriguez*. *Id*. at 23. *Gutierrez-Rodriguez* does not control this case.

14

**4. Restitution Can Only Be Ordered, As Part of a Defendant's Sentence, for a Victim of the *Charged* Offense.**

One of the three limitations on restitution is that "it may be ordered only to a victim of an offense for which the defendant is charged." *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014); Tex. Code Crim. Proc. art. 42.037(a) ("the court…may order a defendant convicted of an offense to make restitution to any victim *of the offense*") (emphasis added); *Campbell v. State*, 5 S.W.3d 693, 697 (Tex. Crim. App. 1999) ("Another limit on the authority of a trial court to order restitution is that a trial court may not order restitution to any but the victim or victims of the offense with which the offender is charged…Nor may a trial court, without the agreement of the defendant, order restitution to other victims unless their losses have been adjudicated."); *Martin v. State,* 874 S.W.2d 674, 679–80 (Tex.Cr.App.1994) (holding that a restitution order may not compensate all victims of a general scheme to defraud when the defendant was only charged with defrauding one investor).[3]

---

[3] If the State argues that Appellant agreed to this restitution either by failing to object or by pleading true to the State's motion to revoke, it suffices to say that silence cannot be acquiescence where a void sentence can be challenged for the first time on appeal, *see Jordan v. State*, 979 S.W.2d 75, 77 (Tex. App.—Austin 1998), and agreeing that she had not met a condition of community supervision is hardly the same as agreeing that that condition may be lawfully imposed when her community supervision is revoked and she is sentenced to imprisonment. Her plea of true said, in essence, "I have not paid the restitution", but not "It is lawful for that restitution to be imposed on me in my sentence." In any event, *Campbell* only speaks of a defendant agreeing that restitution may be imposed for other *victims*, not other uncharged *offenses*. *Campbell*, 5 S.W.3d at 697.

Here, the victim, Central National Bank, to whom Appellant was ordered to pay restitution is, without a doubt, a victim of Appellant's forgery—but not *this* forgery. (I Supp. C.R. at 8) (I C.R. at 5-6). As such, ordering Appellant to pay restitution for this offense is unlawful under Article 42.037(a) as well as *Hanna*, *Campbell,* and *Martin*.

## 5. A Punishment Not Authorized By Law is Void

Restitution is punishment and part of a defendant's sentence. *Weir*, 278 S.W.3d at 366; *Ex parte Cavazos*, 203 S.W.3d at 338. Yet, "[i]f the punishment is not authorized by law, the order imposing punishment is void." *Rodriguez v. State*, 939 S.W.2d 211, 222 (Tex. App.—Austin 1997, no pet.); *Heath v. State*, 817 S.W.2d 335, 336 (Tex. Crim. App. 1991) (if a judgment contains a punishment that is not authorized by law, the portion of sentence imposing the unauthorized punishment is void), *overruled in part by Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001) (unauthorized probation order did not constitute illegal sentence; unlawful grant of probation not subject to rules that govern unlawful sentences). Because Article 42.037(a) and the Court of Criminal Appeals only authorize restitution for victims of the charged offense, ordering Appellant to pay restitution—as part of her sentence following a conviction for which she is sentenced to imprisonment, not placed on probation—for an uncharged offense is unauthorized by law, and therefore void. Appellant may raise this for the first time

on appeal. *Jordan v. State*, 979 S.W.2d 75, 77 (Tex. App.—Austin 1998) ("An unauthorized punishment…is void and may be challenged even in the absence of a trial objection."). Hence this Court must vacate or delete the restitution ordered in the judgment and affirm the judgment as modified.

### 6. Two Final Points

We might look at this case from two additional angles. First, *Gutierrez-Rodriguez* is explainable because the Court of Criminal Appeals considers community supervision to create "a sort of contractual relationship" between the defendant and the trial court. *Gutierrez-Rodriguez*, 444 S.W.3d at 23. Thus the trial court may extend to the defendant, and the defendant may accept, terms not strictly allowable by law but which are nevertheless not "intolerable or unconscionable." *Id*. Indeed, a defendant might benefit from such terms so that accepting them is a "wise decision". *Id*. at 6 (Cochran, J., concurring). However, when a defendant's community supervision is revoked, he cannot be said to benefit from the continued imposition of a term not allowed by law. Indeed, surely it is "intolerable or unconscionable" to permit a void sentence to stand.

A trial judge who refuses to order restitution because it would constitute a void sentence will have to comply with Article 42.037(a), which provides that "[i]f the court does not order restitution or orders partial restitution under this subsection, the court shall state on the record the reasons for not making the order

for the limited order." His statement here would be straightforward and reasonable: "The law only allows me to order restitution for the victim of the charged offense. The State did not charge this defendant with the offense for which this victim suffered loss. Therefore, if I order restitution here, I will be imposing a void sentence on this defendant, which our law finds repugnant. Nevertheless, I was previously able to order the defendant to pay restitution as part of a contract, so to speak, with the defendant. But alas, no longer." This would satisfy the law, but not the aggrieved victim; for that, however, the victim would do well to look either to the legislature or to the district attorney's office. The legislature wrote the statute this way, and the district attorney's office failed to charge the defendant with the "right" offense for restitution purposes. That is not Appellant's fault, nor should she suffer for these choices.

Second, perhaps another, more direct way to look at this case is simply to ask: "How much does Appellant owe for attempting to pass a check in the amount of $7,475.41?" Nothing, because she was caught before she received any money. (I Supp. C.R. at 8) ("On or about November 2, 2011, the defendant presented a check to Central National Bank for $7,475.41. The teller took the check to a manager, as the amount was unusually high. The owner of HAP Investments was called and confirmed that the check was a forgery. The police were called and the defendant was arrested."). Ordering her to pay restitution for the other check that

18

she "successfully cashed", (I Supp. C.R. at 8), is a reasonable and just decision—if only she is actually charged with the offense of forging the other check. Tex. Code Crim. Proc. art. 42.037(a); *Hanna*, 426 S.W.3d at 91. Otherwise, the restitution ordered for *this* offense continues to lack a factual basis in spite of the State's supplementation of the record. *See Campbell v. State*, 5 S.W.3d 693, 696-97 (Tex. Crim. App. 1999) and *Cartwright v. State*, 605 S.W.2d 287, 288-89 (Tex. Crim. App. 1980) ("[d]ue process considerations thus implicated require that there must be evidence in the record to show that the amount [of restitution] set by the court has a factual basis."). Hence, even if the Court disagrees that the sentence is void the Court must concede that the factual basis is lacking to support the amount of restitution owed for *this* forgery.

**Conclusion**

No matter how we look at it, the restitution cannot stand. Either the restitution is unauthorized by law, and therefore void, or the restitution lacks a factual basis in the record because it is for the wrong offense. These may be, in the end, two ways of saying the same thing, but they lead to the same result: this Court must delete the restitution entirely.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant asks this Court to VACATE the trial court's judgment as to restitution and AFFIRM the judgment as modified.

Respectfully submitted:

/s/ Justin Bradford Smith
Justin Bradford Smith
Texas Bar No. 24072348

Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
FAX: (254) 771-2082
Email: justin@templelawoffice.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellant's Brief contains 3,086 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

/s/ Justin Bradford Smith
Justin Bradford Smith

20

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2015, a true and correct copy of

Appellant's Brief was forwarded to the counsel below by eservice:

Bob Odom
Bell County District Attorney's Office
P.O. Box 540
Belton, Texas 76513
Email: DistrictAttorney@co.bell.tx.us

/s/ Justin Bradford Smith
Justin Bradford Smith